**SWANEE BEE ACRES, INC., Plaintiff,**

**v.**

**FRUIT HILL, INC., Wise Farms & Storage, Inc., Greg & Wes Prillwitz, Robert Crows, James Adams, Bryan Canney, Thomas Adams, Defendants.**

**No. 83 C 6223.**

United States District Court, N.D. Illinois, E.D.

Nov. 14, 1984.

---

Michael J. Femal, Michael J. Femal, Ltd., Arlington Heights, Ill., for plaintiff.

Ward S. Hamlin, Jr., Harold L. Neal, Jr., South Haven, Mich., James Rice, Latchford, Rice & O'Brien, Chicago, Ill., for defendants.

Memorandum

LEIGHTON, District Judge.

This is an action brought pursuant to the Perishable Agricultural Commodities Act, 7 U.S.C. § 499a *et seq.*, to enforce a reparation order of the Secretary of Agriculture. The cause is before the court on the motion of certain defendants to dismiss as to them for lack of subject matter jurisdiction. For the following reasons, the motion is granted.

### I

Plaintiff, Swanee Bee Acres, Inc., is a Wisconsin corporation with its principal place of business in Illinois. Defendants are Fruit Hill, Inc., a Michigan corporation and certain of its shareholders, directors, officers and operating manager, some of which are Illinois residents. The amended complaint is stated in two counts: Count I, which is directed against all defendants, seeks to enforce, pursuant to 7 U.S.C. § 499g(b), a reparation order issued in

plaintiffs' favor by the Secretary of Agriculture; Count II is a common law fraud action which seeks relief against the defendant shareholders, directors, officers, and the operating manager of Fruit Hill. All defendants, with the exception of Fruit Hill, move to dismiss, contending that the court lacks subject matter jurisdiction to hear plaintiff's claims against them.

Plaintiff alleges in Count I that jurisdiction is based on 7 U.S.C. § 499g(b). This section of the Perishable Agricultural Commodities Act confers on the district court jurisdiction to hear actions to enforce reparation awards of the Secretary of Agriculture:

> If any commission merchant, dealer, or broker does not pay a reparation award within the time specified in the Secretary's order, the complainant, or any person for whose benefit such order was made, may ... file in the district court of the United States in which he resides or in which is located the principal place of business of the commission merchant, dealer, or broker ..., a petition setting forth briefly the causes for which he claims damages and the order of the Secretary in the premises.

7 U.S.C. § 499g(b). In Count II plaintiff alleges that "jurisdiction of this Court to hear [these] allegations ... is pendent to its jurisdiction to hear the claims made under [Count I]."

## II

It is clear from the unambiguous language of Section 499g(b), that the court has independent federal jurisdiction over Count I of the amended complaint. Count II, however, is a state law claim and since there is not complete diversity between the parties, the court has no independent jurisdiction to hear it. Therefore, to support this court's jurisdiction over Count II, plaintiff relies on the doctrine of pendent jurisdiction as approved by the Supreme Court in *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), a suit brought under both federal and state law by a contractor to recover

damages suffered by reason of a secondary boycott imposed by a union. There existed independent federal jurisdiction as to the federal claim, but there was no independent basis of jurisdiction to support the state law claim. Nevertheless, *Gibbs* held that federal courts could exercise pendent jurisdiction over state law claims when the claims are between the same parties. In deciding the question of pendent jurisdiction, the *Gibbs* court indicated that there were two distinct issues to be considered. First, whether the claims are derived from a common nucleus of operative facts and second, even if this condition exists "pendent jurisdiction is a doctrine of discretion, not of plaintiff's right." *Id.* at 726, 86 S.Ct. at 1139.

The amended complaint, as it now stands, contains a claim over which this court has independent federal jurisdiction and a state law claim against all the defendants, except Fruit Hill, over which the court lacks an independent basis for jurisdiction. Thus, it would appear that the court only need determine if the conditions as set forth in *Gibbs* exists for it to exercise pendent jurisdiction over Count II. This is not the case, however, because as discussed below, the only proper defendant in Count I is Fruit Hill. Therefore, retaining jurisdiction over Count II would not only require the court to exercise jurisdiction over a state law claim when it has no independent basis for jurisdiction, but it would also require the joinder of additional parties under pendent jurisdiction. There is a significant difference between a party seeking to join a state law claim with a federal claim if it is between the same parties and a party seeking to exercise pendent jurisdiction to join a state law claim with "the addition of a party which is implicated in the litigation only with respect to the pendent state claim and not with respect to any claim as to which there is an independent basis of federal jurisdiction." *Moor v. County of Alameda*, 411 U.S. 693, 713, 93 S.Ct. 1785, 1797, 36 L.Ed.2d 596 (1973).

### III

Count I seeks to enforce an award of the Secretary of Agriculture pursuant to the Perishable Agriculture Commodities Act, 7 U.S.C. § 499a *et seq.* This act was passed by Congress in 1930 for the purpose of regulating the interstate business of shipping and handling of agriculture commodities. *George Steinberg & Sons v. Butz,* 491 F.2d 988 (2nd Cir.1974). Essentially, the act sets up a system of licensing merchants and imposes penalties for violations of its own terms. Under Section 499b, it is unfair for a regulated person to engage in the practices proscribed in this section. Section 499g relates to complaints filed before the Secretary of Agriculture and provides for the issuance by him of reparation orders requiring violators to pay damages to the complainant. Subsection (b) of Section 499g governs suits to enforce the reparation awards of the Secretary. It provides, in pertinent part, that "if any commission merchant, dealer, or broker does not pay a reparation award" the complainant may file an action to enforce the award. In such an action "the findings and order of the Secretary shall be prima facie evidence of the facts stated."

■ Section 449g(b) allows a party in whose favor a reparation award is entered to bring a petition in federal court only against the "commission merchant, dealer or broker" who was ordered to pay the award. The award of the Secretary, attached to plaintiff's amended complaint, states that "within thirty days from the date of this order, respondents Gro-Pro, Inc. [not named as a defendant in this action] and Fruit Hill, Inc., shall pay complainant [Swanee Bee Acres], jointly and severally, as reparation, $12,172.41...." Only defendant Fruit Hill in this suit was a party to the reparation proceedings before the Secretary. This court can only enforce an award by an administrative body against the party who participated in the proceedings before that administrative body. It would be contrary to the fundamental concepts of due process for a court to enforce such an award against a party who was not served with the complaint in the proceedings before the Secretary; who was not made party to the administrative proceeding; who did not participate in the proceedings; and who was not ordered to pay under the Secretary of Agriculture's reparation award.

■ Pursuant to Section 499g(b), the findings of the Secretary are prima facie evidence of the facts stated therein. The facts stated in this order pertain only to Fruit Hill, it does not order the remaining defendants to pay; nor do the findings make mention of any participation by the other named defendants. The order and findings of the Secretary would not be prima facie evidence as to these remaining defendants. Section 499g does not contemplate the joinder in a civil action to enforce a reparation award of individuals who were not made parties to the action before the Secretary. Therefore, the court concludes that the only proper defendant in Count I of plaintiff's amended complaint is Fruit Hill, Inc. Accordingly, defendants Wise Farms & Storage, Inc., Greg Prillwitz, Wes Prillwitz, Robert Crows, James Adams, Bryan Canney, and Thomas Adams are dismissed from Count I of the Amended Complaint.

### IV

Having dismissed all the defendants except Fruit Hill from Count I, the next inquiry is whether the court will exercise pendent jurisdiction over Count II. In this count, plaintiff alleges that defendants Wise Farms & Storage, Inc., Greg Prillwitz, Wes Prillwitz, Robert Crows, James Adams and Bryan Canney were either shareholders, directors or officers of Fruit Hill and that Thomas Adams was the operating manager of Fruit Hill. Plaintiff then alleges that these defendants have operated Fruit Hill in such a manner that the corporate veil should be pierced and these defendants should be held personally liable for the debts of Fruit Hill. This count contains a number of allegations concerning the activities of these defendants in running Fruit Hill which purportedly sup-

ports plaintiff's claim that they should be held personally liable for Fruit Hill's debts.

Count II, after the dismissal of these defendants from Count I, now calls upon the court to exercise pendent jurisdiction over not only an additional claim but also over additional parties. While some circuits have permitted the joinder of additional parties pursuant to the doctrine of pendent jurisdiction, *See Moor v. County of Alameda,* 411 U.S. 693, 713–14 nn. 29 and 30, 93 S.Ct. 1785, 1797–98 nn. 29 and 30, 36 L.Ed.2d 596 (1973); the Seventh Circuit, which this court is bound to follow, has held that the doctrine of pendent jurisdiction cannot be extended to allow the addition of new parties who are implicated only in the state law claim. *U.S. General, Inc. v. City of Joliet,* 598 F.2d 1050 (7th Cir.1979); *Hampton v. City of Chicago,* 484 F.2d 602 (7th Cir.1973); *Oakhill Cemetery of Hammond v. Tri-State Bank,* 513 F.Supp. 885 (N.D.Ill.1981). Therefore, because Count II is a state law claim over which the court lacks independent federal jurisdiction, and because the parties to this count are not parties to the federal law claim, this court lacks jurisdiction over Count II. Accordingly, Count II must be dismissed.

Moreover, assuming *arguendo,* that the court had not dismissed these defendants from Count I, it would still be compelled to dismiss Count II. As noted in *Gibbs,* pendent jurisdiction is not a matter of right, but rather, a doctrine of discretion. *United Mine Workers v. Gibbs,* 383 U.S. at 726, 86 S.Ct. at 1139. A court should only exercise pendent jurisdiction when the two claims are derived from a common nucleus of operative facts. *Id.* at 725. A review of the allegations of both counts of the amended complaint discloses that the claim in Count II is not derived from the same facts as alleged in plaintiff's first claim. Count I relates to the reparation order; it only alleges facts which deal with the sale of the cherries that culminated in the proceedings before the Secretary of Agriculture. Count II, on the other hand, contains broad sweeping allegations of corporate mismanagement not related at all to the allegations of Count I. For example, plaintiff alleges, among other things, that certain of the defendants have failed to conduct arm's-length transactions with related entities, have misused corporate assets, diverted corporate funds, and made large withdrawals out the corporate bank account for personal use. Clearly, these allegations are not derived from same core of operative facts as those alleged in Count I. Therefore, even if the court had not dismissed all the parties except Fruit Hill from Count I, it would still, in its discretion, decline to exercise pendent jurisdiction over Count II. Accordingly, the motion to dismiss Count II is granted.

### V

In conclusion, for the reasons stated, defendants Wise Farms & Storage, Inc., Greg Prillwitz, Wes Prillwitz, Robert Crows, James Adams, Bryan Canney, and Thomas Adams, are dismissed from this suit; and Count II of the Amended Complaint is stricken. Therefore, only Count I, with Fruit Hill, Inc. as the sole defendant, remains pending before the court.

So ordered.