JOHN R. COOK III, Plaintiff-Appellee, v. THE DEPARTMENT OF REVE-NUE, Defendant-Appellant.

Second District   No. 2—95—0819

Opinion filed June 7, 1996.

172

James E. Ryan, Attorney General, of Chicago (Barbara A. Preiner, Solicitor General, and Janon E. Fabiano, Assistant Attorney General, of counsel), for appellant.

Curtis D. Worden and John Rearden, Jr., both of Oliver, Close, Worden, Winkler, Greenwald & Maier, of Rockford, for appellee.

PRESIDING JUSTICE McLAREN delivered the opinion of the court:

Defendant, the Illinois Department of Revenue (the Department), appeals the entry of summary judgment for plaintiff, John R. Cook III, in plaintiff's action seeking a declaration that the Department cannot enforce any tax liability of a partnership against plaintiff, and seeking to enjoin the Department from recovering any tax liability from plaintiff. The issues for review are whether the State may enforce against a partner a tax levied against a partnership when the partner was not named in the proceeding; and whether the trial court erred in requiring the Department to pay plaintiff's costs. We vacate that portion of the judgment assessing costs and affirm the remainder.

The parties stipulated to the following facts. Magic Waters, Limited (Magic Waters), was a limited partnership which was formed in January 1983 and was dissolved on December 31, 1987. Plaintiff was a general partner of Magic Waters from January 31, 1983, until September 18, 1987. On October 31, 1986, Magic Waters filed for chapter 11 bankruptcy. On April 29, 1987, while a stay was in effect, the Department filed a proof of claim for taxes in the bankruptcy proceeding. The proof of claim alleged taxes, interest, and penalties due totalling $53,579. On June 29, 1987, also while the stay was in effect, the Department issued a notice of tax liability to Magic Waters, under its taxpayer identification number, claiming taxes, interest, and penalties due totalling $58,229.77. These taxes were claimed to be occupation and use taxes levied on Magic Waters' purchases from January 1984 through October 1986. On July 10, 1987, Magic Waters timely protested the notice of tax liability. On September 10, 1987, the Department acknowledged Magic Waters' protest; however, the claim was not called for a hearing or otherwise resolved in the bankruptcy proceeding. On May 3, 1988, the trustee in bankruptcy determined that Magic Waters had no assets. The bankruptcy estate was closed on March 15, 1989.

On February 1, 1994, the Department issued a final assessment to Magic Waters, claiming taxes, interest, and penalties due totalling $93,559.83. Based on the final assessment against Magic Waters, the Department issued a 10-day demand, dated April 6, 1994, to plaintiff (but listing Magic Waters' taxpayer number), claiming a total due of $94,007.51. The 10-day demand demanded that plaintiff pay the amount by April 16, 1994. The Department never issued a notice of tax liability to plaintiff in his individual capacity, nor did it issue a final assessment to plaintiff in his individual capacity. However, on July 6, 1987, plaintiff received a copy and was aware of the contents of the notice of tax liability issued to Magic Waters.

In its written order entering summary judgment, the trial court found that the 10-day demand was based on section 5f of the Retailers' Occupation Tax Act (Retailers' Tax Act) (35 ILCS 120/1 *et seq.* (West 1994)), which allows the Department to make a demand that a tax debt under the Retailers' Tax Act and the Use Tax Act (35 ILCS 105/1 *et seq.* (West 1994)) be paid within 10 days. 35 ILCS 120/5f (West 1994). The 10-day demand was further based on the final assessment. The trial court found that the final assessment was obtained only against Magic Waters. The plaintiff was never issued a notice of tax liability or made a party to a final assessment, and plaintiff had no notice of, or opportunity for, a hearing concerning his individual liability for the retailers' occupation or use taxes of Magic Waters. The Department was therefore precluded from issuing a 10-day demand to plaintiff individually so that the 10-day demand issued to plaintiff was void. Because the Department never issued a notice of tax liability against plaintiff in his individual capacity or obtained a final assessment against him individually based on the tax liability of Magic Waters, the trial court found that the Department never obtained an encumbrance in the nature of a judgment lien which it could enforce against plaintiff individually.

The court also concluded that the Department was time-barred from issuing any notice of tax liability which could lead to the issuance of a final assessment against plaintiff individually. It therefore granted plaintiff's motion for summary judgment and for judgment on the pleadings; it declared that plaintiff had no liability for any tax of Magic Waters; it permanently enjoined the Department from levying or attempting to levy on any of plaintiff's property and from collecting or attempting to collect any tax of Magic Waters from plaintiff; and it ordered the Department to pay plaintiff's costs. The Department timely appealed.

●1 We first address the second issue contending that the trial court erred in ordering the Department to pay plaintiff's court costs. Plaintiff concedes the error. Because there is no statutory provision authorizing the imposition of costs under these circumstances, we agree that that part of the order must be vacated. See *Department of Revenue v. Appellate Court of Illinois, First District*, 67 Ill. 2d 392, 396-98 (1977).

The remaining issue is whether the court erred in entering summary judgment for plaintiff. As there is no question of material fact, we need only determine whether the trial court correctly ruled, as a matter of law, that plaintiff had no liability for Magic Waters' tax liability. We review the entry of summary judgment *de novo*. *In re Estate of Hoover*, 155 Ill. 2d 402, 411 (1993).

The Department contends that, under the Use Tax Act and the Retailers' Tax Act, it was entitled to collect the tax from plaintiff. The provisions of the Retailers' Tax Act apply to the Use Tax Act. 35 ILCS 105/12 (West 1994).

■ Under the Retailers' Tax Act, a taxpayer must collect a tax and remit it to the Department. 35 ILCS 120/3 (West 1994). Where the taxpayer files a return, and the amount of tax computed by the Department is greater than the amount due under the return, the Department is authorized to collect the unpaid taxes, plus interest and penalties. 35 ILCS 120/4 (West 1994). If the tax computed by the Department is greater than the amount of tax due under the return as filed, the Department issues a notice of tax liability to the taxpayer for the amount of tax claimed. 35 ILCS 120/4 (West 1994).

The taxpayer may contest the notice by filing a protest and requesting a hearing. If a protest is not filed within the requisite period, the notice becomes final without the issuance of a final assessment and shall be deemed a final assessment. 35 ILCS 120/4 (West 1994). A final assessment is subject to judicial review in accordance with the Administrative Review Law (735 ILCS 5/3—101 et seq. (West 1994)). 35 ILCS 120/12 (West 1994). After the final assessment has been issued, the Department may collect the tax debt from the taxpayer by electing one of the collection remedies provided by the Act. See, e.g., 35 ILCS 120/5a, 5f (West 1994).

A pivotal question is whether plaintiff is the "taxpayer" for purposes of this tax. The Department argues that the notice was sufficient because it gave plaintiff, a partner but not the partnership, the opportunity to oppose the matter. Although partners are liable for the debts of the partnership (see 805 ILCS 205/15 (West 1994)), the issue is whether, to be able to collect the debt from plaintiff, the Department was required to provide him notice as an individual. For this, we must examine the relevant statutory sections of the tax acts and the Uniform Partnership Act (Partnership Act) (805 ILCS 205/1 et seq. (West 1994)).

The primary rule of statutory interpretation is to ascertain and give effect to the legislative intent. This intent is derived from the language of the statute, evaluated as a whole, with each provision construed in connection with every other section. Bonaguro v. County Officers Electoral Board, 158 Ill. 2d 391, 397 (1994). Statutes should be construed so that no provision is rendered superfluous or meaningless. Kraft, Inc. v. Edgar, 138 Ill. 2d 178, 189 (1990). In addition, where the language of the enactment is clear and unambiguous, it must be given effect without resorting to aids for construction. Board of Education of Rockford School District No. 205 v. Illinois Educational Labor Relations Board, 165 Ill. 2d 80, 87 (1995).

■ Under the Partnership Act, all partners are jointly *and severally* liable *only* where a partner or the partnership has misapplied money of a third party or where a partner, by a wrongful act or omission in the ordinary course of business, causes loss or injury to a third person. 805 ILCS 205/15(a)(1) (West 1994). Otherwise, the partners are *only jointly liable* for all other debts and obligations of the partnership. 805 ILCS 205/15(a)(2) (West 1994). In addition, "[a] judgment entered against a partnership in its firm name is enforceable only against property of the partnership and does not constitute a lien upon real estate other than that held in the firm name." 735 ILCS 5/12—102 (West 1994).

■ The Retailers' Act and the Use Tax Act define a person as:

"[A]ny natural individual, firm, partnership, association, joint stock company, joint adventure, public or private corporation, *** or a receiver, executor, trustee, guardian or other representative appointed by order of any court." 35 ILCS 105/2, 120/1 (West 1994).

Under section 2 of the Retailers' Act, a tax is imposed on persons in the business of selling tangible personal property at retail. 35 ILCS 120/2 (West 1994). Thus, the "person" who is in the retail business is the taxpayer. Under the Use Tax Act, only the owner of property can be a "user." *Telco Leasing, Inc. v. Allphin*, 63 Ill. 2d 305, 309-10 (1976); see also 35 ILCS 105/2 (West 1994). Because the acts include a partnership under the definition of a "person," and the partnership can own the property, we conclude that the partnership is an entity separate from the partners for purposes of the Retailers' Act and the Use Tax Act regarding property owned by the partnership.

■ The Retailers' Act also provides that, when there is tax due, the Department shall issue the taxpayer a notice of tax liability. 35 ILCS 120/5 (West 1994). If the person to whom the notice is issued files a protest, the Department shall hold a hearing. If such a protest and a request for a hearing are not filed within 60 days of the notice, the notice becomes "final without the necessity of a final assessment being issued and shall be deemed to be a final assessment." 35 ILCS 120/5 (West 1994). Section 5 further provides that before the assessment is reduced to judgment the Department may grant a rehearing "upon the application *of the person aggrieved*." (Emphasis added.) 35 ILCS 120/5 (West 1994). These sections indicate that, for a person to be liable for the tax deficiency, it must be issued both a notice of tax liability and a final assessment. In its reply brief, the Department concedes that the final assessment is to be issued to the person who filed the protest. Here, Magic Waters filed the protest, not plaintiff; the final assessment was issued to Magic Waters, not to plaintiff.

Thus, under the Retailers' Act, plaintiff was not individually liable for the tax deficiency.

■ Plaintiff did not have the opportunity to request a hearing, or even a rehearing, before the Department sought to collect on the final assessment. Had he been issued, in his individual capacity, a notice of tax liability, he could have requested a hearing. Instead, the Department issued the notice to the partnership, which requested a hearing, but the Department did not follow through on the request. Then, the Department issued a 10-day demand to plaintiff, instead of seeking to reduce the claim to judgment against the partnership, the only "person aggrieved" which could have sought a rehearing.

The plaintiff was denied due process. A person is entitled to due process in an administrative proceeding which may interfere with his property rights. *People ex rel. Harris v. Parrish Oil Production, Inc.*, 249 Ill. App. 3d 664, 667 (1993). "A fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Stratton v. Wenona Community Unit District No. 1*, 133 Ill. 2d 413, 432 (1990). The notice of tax liability did not apprise plaintiff that he would be individually liable for the partnership's tax debt, and he did not receive the final assessment.

The Department's citation to *People ex rel. Scott v. Pintozzi*, 50 Ill. 2d 115 (1971), does not convince us otherwise. There, the court allowed the Department to proceed against the individual defendants, even though the notices were sent to corporations. This resulted because the corporations were the alter egos of the defendants and the corporate structure was a device by which they committed fraud. *Pintozzi*, 50 Ill. 2d at 128-29. Here, there is no allegation of fraud, so the equitable principles applied in *Pintozzi* have no application here.

*Department of Revenue v. Semenek*, 194 Ill. App. 3d 616 (1990), on which the Department also relies, is also distinguishable. There, the tax due was for a period during which the corporation was dissolved. Consequently, even though the notice was issued to the corporation, the Department was seeking taxes due from the individuals which were incurred by the individuals. The court found that "[the individuals] assumed a personal obligation to collect and remit the [Retailers' Tax Act] taxes." *Semenek*, 194 Ill. App. 3d at 619. Here, by contrast, plaintiff never assumed a personal obligation to collect and remit the taxes; at all times the obligation remained with the partnership. That plaintiff may have been jointly liable, as between the partners, for Magic Waters' tax debt does not allow the Department to seek to

recover from him without having joined him as a party to the proceedings. See *Eastern Seafood Co. v. Barone*, 252 Ill. App. 3d 871, 877 (1993) (*res judicata* did not bar a subsequent action against those partners not included in the former judgment or those not sued).

Moreover, we agree with plaintiff and the trial court that, because the final assessment was issued against the partnership only, the Department could not collect the tax from plaintiff. See 735 ILCS 5/12—102 (West 1994). The Department counters that the final assessment is not a "judgment" and that section 12—102 of the Code of Civil Procedure (735 ILCS 5/12—102 (West 1994)), does not apply because the Administrative Review Law (735 ILCS 5/3—101 *et seq.* (West 1994)) applies. The Department's argument is without merit. First, the Administrative Review Law describes an administrative decision as a "judgment." See 735 ILCS 5/3—101 (West 1994). Second, section 5f of the Retailers' Act provides that, if the tax remains unpaid for 10 days after the demand, the Department may issue a warrant to the sheriff to levy on the taxpayer's property "in the same manner as is prescribed by law for proceeding against property to enforce judgments which are entered by a circuit court." 35 ILCS 120/5f (West 1994). Finally, the Department may obtain a lien for the tax due upon real or personal property without any court action. See 35 ILCS 120/5a (West 1994). We conclude that a final assessment is a judgment or its procedural and substantive equivalent. Thus, the Department was limited to collecting the tax only from partnership property.

The Department further argues that plaintiff waived any defenses by failing to seek judicial review of the final assessment. We disagree. As noted above, the aggrieved person who may seek judicial review or a rehearing before the Department is the person to whom the notice of tax liability and the final assessment were directed. 35 ILCS 120/5 (West 1994). Plaintiff was not sent the notice in his individual capacity, the notice listed only the partnership's tax identification number, he was not sent the final assessment, and he was not made a party to the proceedings such that he should have sought review. See *Community Mental Health Council, Inc. v. Department of Revenue*, 186 Ill. App. 3d 73, 76-77 (1989) (entity was not a party of record in the administrative proceeding where the Department did not name it as a party in the hearing and it did not participate). Because plaintiff was not a party to the administrative proceeding, "[i]t would be contrary to the fundamental concepts of due process for a court to enforce such an award against" him. *Swanee Bee Acres, Inc. v. Fruit Hill, Inc.*, 597 F. Supp. 322, 325 (N.D. Ill. 1984).

We conclude that the court properly entered summary judgment

for plaintiff, but erroneously imposed costs on the Department. We therefore affirm the entry of summary judgment and vacate the award of costs.

The judgment of the circuit court of Winnebago County is affirmed in part and vacated in part.

Affirmed in part and vacated in part.

GEIGER and HUTCHINSON, JJ., concur.