ERIC JOHNSON *et al.*, Plaintiffs-Appellees, v. ST. THERESE MEDICAL CENTER *et al.*, Defendants (Thomas Braniff, Jr., Citation Respondent and Contemnor-Appellant).—ERIC JOHNSON *et al.*, Plaintiffs-Appellees, v. ST. THERESE MEDICAL CENTER *et al.*, Defendants (Michael Oster *et al.*, Citation Respondents and Contemnors-Appellants).—ERIC JOHNSON *et al.*, Plaintiffs-Appellees, v. ST. THERESE MEDICAL CENTER *et al.*, Defendants (Thomas Braniff, Jr., *et al.*, Citation Respondents-Appellants).

Second District    Nos. 2—97—0577, 2—97—0632, 2—97—0733 cons.

Opinion filed May 11, 1998.

Robert A. Egan, of Egan & Trapp, of Chicago, for appellants.

Bruce M. Kohen, Jeffrey D. Comeau, and Alain Leval, all of Anesi, Ozmon, Rodin, Novak & Kohen, Ltd., of Chicago, for appellees.

JUSTICE McLAREN delivered the opinion of the court:

The citation respondents, Drs. Richard Keller, Michael Oster, Thomas Braniff, and Rodney Haenschen, appeal a turnover order that required the assets of the citation respondents to be turned over to the plaintiffs, Eric and Lori Johnson, as special administrators of the estate of their deceased daughter, Erica. The citation respondents Drs. Richard Keller, Michael Oster, and Thomas Braniff also appeal findings of civil contempt against them after they refused to appear, answer questions, and produce documents regarding their personal assets at a citation hearing. We reverse.

In November 1990, the plaintiffs brought their 22-month-old daughter, Erica, to St. Therese Medical Center (St. Therese), where she was examined, treated, and released by Dr. Bruce Sands. Erica died the next day. On the day Sands treated Erica, he was a partner of Northern Illinois Emergency Physicians, Ltd. (the Partnership). The other partners of the Partnership included the citation respondents, Drs. Richard Keller, Michael Oster, Rodney Haenschen, and Thomas Braniff (collectively known as the Partners), and Phillip Gillespie, M.D.

The plaintiffs' first complaint named as defendants Sands and the Partnership, among others. The complaint alleged, *inter alia*, that Sands negligently caused the death of Erica, and at the time of the incident Sands acted on behalf of the Partnership and that the Partnership was negligent. The Partnership filed an answer to the plaintiffs' first amended complaint, in which the Partnership admit-

ted that Sands was a partner in the Partnership at the time of the alleged incident.

After a jury trial on March 22, 1996, the trial court entered judgment on the verdict of $4 million in favor of the plaintiffs and against defendants Sands, St. Therese, and the Partnership. On April 10, 1996, the plaintiffs filed a second amended complaint to conform with their proofs at trial, naming as defendants Sands, St. Therese, and the Partnership. The Partnership did not file an answer to the second amended complaint.

After the commencement of the action, Sands filed for bankruptcy in federal court. Thus, when the plaintiffs began postjudgment collection proceedings against Sands, Sands claimed he had been discharged of this debt. The matter was deferred pending a ruling from the bankruptcy court.

The plaintiffs also filed a postjudgment collection action against the Partners as individuals. All the Partners except Gillespie were served with notice of the supplemental action and were issued citations to discover assets. At the citation hearings all the Partners except Gillespie admitted they were Partners of the Partnership at the time of the incident giving rise to liability. Keller, Oster, and Haenschen appeared at the supplemental actions, answered questions, and provided documents regarding the Partnership. However, during their citation hearings on February 3, 1997, Keller and Oster refused to answer questions or produce documents regarding their personal assets. On February 10, 1997, Keller, Oster, and Haenschen filed a motion to quash, modify, and dismiss, alleging that the citations were improper.

On February 18, 1997, the trial court, Judge Wallace B. Dunn presiding, denied Keller's, Oster's, and Haenschen's motion. The trial court held that the determinations dealing with partnership liability can be made during citation proceedings. The court also held that, if Keller, Oster, and Haenschen were general partners on the date of the incident, the plaintiffs may proceed against them individually.

Subsequently, the plaintiffs issued wage deduction notices and affidavits for wage deduction orders to withhold the wages of all the Partners. On March 17, 1997, the Partners filed a motion to reconsider the denial of their motion to quash and dismiss the citations to discover assets. The Partners also filed a motion to quash and dismiss all of the citations and garnishments. On April 1, 1997, Judge Dunn denied their motions and, citing sections 2—411(b) and 2—102 of the Code of Civil Procedure (735 ILCS 5/2—411(b), 2—102 (West 1996)), stated that judgment could be enforced against the Partners personally if it were determined that they were partners

with Sands at the time of the incident. The trial court also held that this determination could be made during supplemental proceedings. Judge Dunn reasoned that, since the Partners had previously admitted that they were partners in the Partnership at the time of the incident, the Partners were jointly and severally liable for the judgment against the Partnership.

On April 4, 1997, Oster and Braniff filed answers stating that they refused to answer questions regarding their personal assets because judgment was not entered against them personally and they had already answered questions and provided documents regarding the assets of the Partnership and Sands.

On April 22, 1997, the trial court, Judge George Bridges presiding, cited Keller, Oster, Haenschen, and Braniff to appear and respond to questions regarding their personal assets. They failed to appear. The Partners argued that they did not have to appear because they were not judgment debtors. The trial court determined that the Partners were subject to discovery of assets and ordered them to show cause and appear on May 22, 1997.

On May 22, 1997, Braniff appeared and testified but refused to answer questions regarding his personal assets. Keller, Oster, and Haenschen failed to appear. The trial court, Judge John Philips presiding, held Keller, Oster, and Haenschen in indirect civil contempt of court and set bond at $10,000 each. The trial court also held Braniff in direct civil contempt of court and sentenced him to 24 hours' incarceration, or until he answered questions regarding his personal assets. Braniff appealed this order.

On June 3, 1997, Keller, Oster, and Haenschen appeared before the court. Haenschen answered questions regarding his personal assets. However, Keller and Oster refused to answer questions regarding their personal assets. Thus, the trial court held Keller and Oster in direct civil contempt of court and remanded them to the county jail until such time as they answered questions and produced documents regarding their personal assets. Keller and Oster appealed this order. The trial court dismissed Haenschen's citation to discover assets and purged his contempt order.

In addition, on June 30, 1997, the trial court entered a turnover order requiring the assets of Keller, Haenschen, and Braniff to be turned over to the plaintiffs. The trial court noted that all the Partners were subject to the supplemental proceedings because they admitted that they were partners at the time of the incident giving rise to liability. The court explained that, since Gillespie did not admit that he was a partner, the trial court could not rule that he was subject to the supplemental action. Keller, Haenschen, Braniff,

and Oster filed a notice of appeal on July 11, 1997. These appeals have been consolidated.

Initially, we note that although the Partners claim that Gillespie is an appellant in this case, there is nothing in the record to indicate that he was subject to any of the orders on appeal or that he filed a notice of appeal relating to these orders. Therefore, he is not before this court as an appellant in this appeal. See 155 Ill. 2d R. 301.

In this appeal, the Partners argue that the trial court erroneously held them in contempt of court and ordered their property turned over to the plaintiffs. The Partners claim that the trial courts did not have jurisdiction over them because the plaintiffs did not name them individually as defendants and no trial court entered judgment against them individually. The plaintiffs argue that, since it is undisputed that the Partners were partners in the Partnership at the time of the incident giving rise to liability, the Partners are liable for judgment against the Partnership. The plaintiffs further argue that the trial courts properly allowed the plaintiffs to proceed against the Partners in the postjudgment proceedings. We disagree with the plaintiffs.

■ We acknowledge that all partners are jointly and severally liable for everything chargeable to the partnership for the loss or injury of a third person due to any wrongful act or omission of any partner acting in the ordinary course of the business of the partnership. 805 ILCS 205/13, 15 (West 1996). Further, "[a]n unsatisfied judgment against a partnership in its firm name does not bar an action to enforce the individual liability of any partner." 735 ILCS 5/2—411(b) (West 1996). However, "[a] judgment entered against a partnership in its firm name is enforceable *only against property of the partnership* and does not constitute a lien upon real estate other than that held in the firm name." (Emphasis added.) 735 ILCS 5/12—102 (West 1996). Therefore, where judgment is entered against a partnership, but not against the individual partners, the judgment may not be satisfied by the personal assets of the individual partners. 735 ILCS 5/12—102 (West 1996); see *Cook v. Department of Revenue*, 281 Ill. App. 3d 171, 177-78 (1996).

For example, in *Cook*, the Department of Revenue issued a notice of tax liability to a partnership. *Cook*, 281 Ill. App. 3d at 173. The Department of Revenue was unable to enforce the tax liability against the partnership because the partnership had previously filed for bankruptcy. *Cook*, 281 Ill. App. 3d at 173. Therefore, the Department of Revenue attempted to enforce the partnership's tax liability against the plaintiff, a general partner. *Cook*, 281 Ill. App. 3d at 173. The partner received a copy and was aware of the contents of the notice of

tax liability issued to the partnership. *Cook*, 281 Ill. App. 3d at 173. However, the Department of Revenue did not issue a notice of tax liability or a final assessment to the partner *in his individual capacity*. *Cook*, 281 Ill. App. 3d at 173. Thus, the trial court granted the partner's motion for summary judgment. *Cook*, 281 Ill. App. 3d at 174.

This court affirmed, stating that, because a partnership can own property, it is a separate entity from its partners. *Cook*, 281 Ill. App. 3d at 176. Because the Department of Revenue issued notice of tax liability and the final assessment to the partnership, and not to the partner individually, and, because the Department of Revenue did not join the partner, the partner did not have notice that he could be liable personally for the partnership's tax debt. *Cook*, 281 Ill. App. 3d at 177. Thus, this court reasoned that the partner was denied due process. *Cook*, 281 Ill. App. 3d at 177.

■ The case at bar is closely analogous to *Cook*. The plaintiffs in the instant case named the Partnership, but not the individual Partners, in their complaint. The plaintiffs served the Partnership, but not the individual Partners. In addition, the Partners in this case, just like the partner in *Cook*, were aware of the contents of the plaintiffs' complaint against the Partnership. However, because the Partners were not named defendants and were not served in their individual capacities, they were not put on notice that their personal assets were at risk. Further, the plaintiffs in this case are unable to collect from Sands because he has filed for bankruptcy protection. Finally, judgment was entered against the Partnership, but not the individual Partners. Thus, the Partners were not judgment debtors and were not subject to citations proceedings to the extent that the plaintiffs had any claim upon the Partners' individual assets. Accordingly, the trial court erred when it attempted to enforce the judgment against the Partners by ordering the turnover of the Partners' assets and holding the Partners in contempt. *Cook*, 281 Ill. App. 3d at 177; 735 ILCS 5/12—102 (West 1996).

The plaintiffs argue that the Partners are judgment debtors because the Partnership name is on the judgment order. However, the plaintiffs fail to recognize that "[a] judgment entered against a partnership in its firm name is enforceable only against property of the partnership." 735 ILCS 5/12—102 (West 1996). Because nothing in the record indicates that the Partners held assets which belonged to the Partnership, their argument fails.

Next, the plaintiffs argue that the Partners are judgment debtors because they are jointly and severally liable for the debts of the Partnership. We do not dispute this statement. However, the

plaintiffs ignore the fact that judgment was entered against the Partnership, and not the Partners as individuals. Thus, until a judgment is entered against the Partners *individually*, the plaintiffs cannot recover from the Partners' personal assets. See 735 ILCS 5/12—102 (West 1996); *Cook*, 281 Ill. App. 3d at 177-78.

In addition, citing *Pyshos v. Heart-Land Development Co.*, 258 Ill. App. 3d 618 (1994), *Lange v. Misch*, 232 Ill. App. 3d 1077 (1992), and *O'Connell v. Pharmaco, Inc.*, 143 Ill. App. 3d 1061 (1986), the plaintiffs assert that a trial court may enter judgment against a third party at a supplementary proceeding. However, the courts in these cases explain that, before a court may enter judgment against a third party in a supplementary proceeding, the record must contain some evidence that the third party possesses assets of the judgment debtor. *Pyshos*, 258 Ill. App. 3d at 623; *Lange*, 232 Ill. App. 3d at 1081; *O'Connell*, 143 Ill. App. 3d at 1067. Because the record is devoid of any evidence that the Partners possessed assets belonging to the Partnership, this argument fails.

■ The plaintiffs also argue that section 2—411(b) of the Code of Civil Procedure permits the enforcement of liability in supplementary proceedings against an individual partner. Section 2—411(b) provides, "An unsatisfied judgment against a partnership in its firm name does not bar an *action* to enforce the individual liability of any partner." (Emphasis added.) 735 ILCS 5/2—411(b) (West 1996). Although "action" is not defined, the plaintiffs assert that a supplementary proceeding to collect a judgment is an "action" within the meaning of section 2—411(b). We disagree.

It is well established that "[w]ords used in a statute are to be given their plain and commonly understood meaning." *Honda of Lisle v. Industrial Comm'n*, 269 Ill. App. 3d 412, 415 (1995). Both parties cite the following definition for "action" to support their interpretation:

> "The legal and formal demand of one's right from another person or party made and insisted on in a court of justice. An *ordinary proceeding* in a court of justice by which one party prosecutes another for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense. It includes all the formal proceedings in a court of justice attendant upon the demand of a right made by one person of another in such court, including an adjudication upon the right and its enforcement or denial by the court." (Emphasis added.) Black's Law Dictionary 28 (6th ed. 1990).

The definition cited by the parties clearly states that an "action" is "an ordinary proceeding." A supplemental proceeding seeking the

enforcement of a judgment is not an "ordinary proceeding." Thus, the plaintiff's argument fails.

Assuming, *arguendo*, that the word "action" is ambiguous as used in section 2—411(b), the plaintiffs' interpretation is incorrect. Where the language of a statute is ambiguous, courts may resort to other rules of statutory construction, such as the doctrine of *in pari materia. People v. 1946 Buick, VIN 34423520*, 127 Ill. 2d 374, 377 (1989). This doctrine provides that, where two statutory provisions address the same subject matter, an interpretation which gives effect to both provisions must be adopted. *Anderson v. Chicago Board of Election Commissioners*, 284 Ill. App. 3d 832, 835-36 (1996), citing *In re Application for Judgment & Sale of Delinquent Properties for the Tax Year 1989*, 167 Ill. 2d 161, 168-69 (1995).

Section 12—102 of the Code of Civil Procedure provides that "[a] judgment entered against a partnership in its firm name is enforceable only against property of the partnership and does not constitute a lien upon real estate other than that held in the firm name." 735 ILCS 5/12—102 (West 1996). Under the plaintiffs' interpretation of section 2—411(b), this section has no meaning. Under the plaintiffs' interpretation, a judgment against only a partnership is enforceable against the partners individually without a judgment being entered against the partners individually. Because the plaintiffs' interpretation of section 2—411(b) renders section 12—102 ineffective, it cannot be adopted by this court. See *Anderson*, 284 Ill. App. 3d at 835-36.

■ Next, the plaintiffs assert that "a judgment against a partnership, by definition, is a judgment against each partner." However, this court's decision in *Cook* clearly contradicts the plaintiffs' position. In *Cook*, we held that, although partners are liable for the debts of the partnership, to be able to collect from the partners the plaintiff must provide the partners with notice that they will be individually liable for the partnership's debt. *Cook*, 281 Ill. App. 3d at 177. Since the plaintiffs failed to provide such notice, their argument fails.

■ The plaintiffs also argue that Keller and Oster waived any objections regarding the supplementary action because they submitted to and answered questions during the supplementary action and did not object at the citation hearings. However, the record reveals that, although Keller and Oster answered questions regarding the assets of the Partnership and Sands, they refused to answer questions regarding their personal assets and were held in direct civil contempt of court and remanded to the county jail. Thus, they did not acquiesce to the validity of the supplementary proceedings regarding individual liability. The plaintiffs' citation to *First State Bank v. Leffelman*, 160 Ill. App. 3d 394 (1987), is misplaced. Unlike the Partners

in this case, the defendant in *Leffelman* did not file a motion to quash the initial citation to discover assets. 160 Ill. App. 3d at 395. Thus, *Leffelman* is inapplicable to the case at bar.

The judgment of the circuit court of Lake County is reversed.

Reversed.

GEIGER, P.J., and RATHJE, J., concur.