KRISTINA BRADBURY, Special Adm'r of the Estate of Joseph Lee Bradbury, Deceased, Plaintiff-Appellee, v. ST. MARY'S HOSPITAL OF KANKAKEE *et al.*, Defendants-Appellants.

First District (4th Division)   Nos. 1—94—0849, 1—94—0850 cons.

Opinion filed June 29, 1995.

Rooks, Pitts & Poust, of Chicago (Robert J. Baron and Patrick M. McMahon, of counsel), for appellants.

Motherway & Glenn, of Chicago (Nicholas J. Motherway, of counsel), for appellee.

PRESIDING JUSTICE HOFFMAN delivered the opinion of the court:

The plaintiff, Kristina Bradbury, filed the instant wrongful death action in the circuit court of Cook County. The defendant, St. Mary's Hospital of Kankakee, filed a motion to transfer venue to the circuit court of the 21st Judicial Circuit, Kankakee County, Illinois, pursuant to section 2—104 of the Code of Civil Procedure (Code) (735 ILCS

5/2—104 (West 1992)), alleging that venue was improperly fixed in Cook County. All of the other defendants filed a similar venue motion and, in the alternative, a motion to transfer the action to Kankakee County pursuant to the doctrine of *forum non conveniens*. On February 15, 1994, the defendants' motions were denied.

The defendants filed timely petitions for permissive interlocutory appeals. St. Mary's Hospital filed a petition pursuant to Supreme Court Rule 306(a)(4), and the other defendants filed pursuant to Supreme Court Rules 306(a)(1)(ii) and (a)(1)(iv) (134 Ill. 2d Rules 306(a)(1)(ii), (a)(1)(iv)). We denied both petitions, and the defendants filed petitions for leave to appeal to the supreme court pursuant to Supreme Court Rule 315 (134 Ill. 2d R. 315).

On February 1, 1995, the supreme court granted the defendants' petitions and, in the exercise of its supervisory authority, remanded these consolidated appeals to this court for consideration on the merits. In compliance with the mandate of the supreme court, we now consider the propriety of the denial of the defendants' motions to transfer this action to Kankakee County.

On September 30, 1991, the plaintiff was admitted to St. Mary's Hospital and treated by Bernard Ruder, now deceased, and defendants Roger Taylor and Patricia Podach, who were all employees of defendant Westwood Obstetrics and Gynecology, Ltd. On October 1, 1991, after the plaintiff was diagnosed as presenting a condition of abruptio placenta, Joseph Lee Bradbury was born by caesarean delivery.

At the time of his birth, Joseph was in respiratory distress and suffering from intraventricular hemorrhaging. He was transferred from St. Mary's Hospital to the University of Chicago Hospital in Cook County, where he died on October 4, 1991.

On September 27, 1993, the plaintiff filed the instant wrongful death action in the circuit court of Cook County seeking recovery against the defendants for their alleged medical negligence resulting in Joseph's death. On November 9, 1993, the defendants filed their motions to transfer this action to Kankakee County.

■ First, we address the denial of the defendants' motions to transfer by reason of improper venue. Section 2—101 of the Code provides in pertinent part as follows:

> "Except as otherwise provided in this Act, every action must be commenced (1) in the county of residence of any defendant who is joined in good faith and with probable cause for the purpose of obtaining a judgment against him or her and not solely for the purpose of fixing venue in that county, or (2) in the county in which the transaction or some part thereof occurred out of which the cause of action arose." 735 ILCS 5/2—101 (West 1992).

In this case, the plaintiff does not contend that any of the defendants are residents of Cook County. The plaintiff argues, however, that because Joseph died in Cook County, venue is proper here because some part of the transaction out of which this action arose occurred in Cook County.

The defendants assert that because none of their alleged negligent acts or omissions occurred in Cook County, for venue purposes, the "transaction" out of which this cause of action arose took place solely in Kankakee County. St. Mary's Hospital even goes so far as to contend that death is not an element of a cause of action for wrongful death. We disagree.

■ The Wrongful Death Act (740 ILCS 180/0.01 *et seq.* (West 1992)) provides a remedy to the surviving spouse and next of kin for their pecuniary injuries suffered as a consequence of a decedent's death. While it is true that the action is premised upon the wrongful conduct of the defendant in breach of a duty owed to the decedent resulting in death (see *Vaughn v. Granite City Steel Division of National Steel Corp.* (1991), 217 Ill. App. 3d 46, 576 N.E.2d 874), the Wrongful Death Act does not provide for the survival of a right of action the decedent had for damages he incurred. The Wrongful Death Act governs the right of the persons designated by the statute to recover for their own pecuniary injuries suffered as a consequence of the death of the decedent. (*Wyness v. Armstrong World Industries, Inc.* (1989), 131 Ill. 2d 403, 546 N.E.2d 568.) Consequently, the action accrues upon the decedent's death and provides a remedy for damages incurred as a result of the death itself. (*Dettman-Brunsfeld v. Szanto* (1994), 267 Ill. App. 3d 1050, 642 N.E.2d 809.) Not only is death an element of such an action, it is the last element necessary to render an actor liable for the pecuniary injuries suffered by the surviving spouse and next of kin.

■ Albeit in the context of a jurisdictional discussion, our supreme court has held that the place of a wrong is where the last event takes place which is necessary to render the actor liable. (*Gray v. American Radiator & Standard Sanitary Corp.* (1961), 22 Ill. 2d 432, 176 N.E.2d 761.) In a wrongful death action, that place is the place of the decedent's death. Because section 2—101 provides that venue is proper in the county where some part of the transaction occurred out of which a cause arises, we believe that venue in this case could properly be fixed in Cook County, the county in which plaintiff's decedent died. For these reasons, we affirm the trial court's denial of the defendants' motions brought pursuant to section 2—104 of the Code alleging improper venue of this action in Cook County.

We now address the propriety of the trial court's denial of the

defendants' motion premised on the doctrine of *forum non conveniens*.

●4 The intrastate application of the doctrine of *forum non conveniens* presupposes the existence of more than one proper venue within the State and focuses the inquiry upon the relative convenience of the plaintiff's chosen venue. (*Moore v. Chicago & North Western Transportation Co.* (1983), 99 Ill. 2d 73, 457 N.E.2d 417.) The resolution of a *forum non conveniens* motion requires the court to apply an uneven balancing test to various private interest factors affecting the convenience of the litigants and public interest factors affecting the administration of the courts. (*Boner v. Peabody Coal Co.* (1991), 142 Ill. 2d 523, 568 N.E.2d 883; *Griffith v. Mitsubishi Aircraft International, Inc.* (1990), 136 Ill. 2d 101, 554 N.E.2d 209; *McClain v. Illinois Central Gulf R.R. Co.* (1988), 121 Ill. 2d 278, 520 N.E.2d 368; *Bland v. Norfolk & Western Ry. Co.* (1987), 116 Ill. 2d 217, 506 N.E.2d 1291.) To justify the granting of a *forum non conveniens* motion, the defendant must meet its burden of establishing that the relevant factors for consideration, viewed in their totality, strongly favor the suggested forum. (*Boner*, 142 Ill. 2d 523, 568 N.E.2d 883.) Whether to grant or deny such a motion is a matter committed to the sound discretion of the trial court, the exercise of which will not be disturbed on appeal absent a clear abuse. *Washington v. Illinois Power Co.* (1991), 144 Ill. 2d 395, 581 N.E.2d 644.

■ Our supreme court has identified the relevant private and public interest factors that must be considered. The private interest factors include the relative ease of access to sources of proof, the availability of compulsory process for attendance of unwilling witnesses, the cost of obtaining the attendance of willing witnesses, the possibility of the jury viewing the premises, practical problems that make the trial of a case easy, expeditious, and inexpensive, and the advantages and obstacles to a fair trial. (*Boner*, 142 Ill. 2d 523, 568 N.E.2d 883; *Griffith*, 136 Ill. 2d 101, 554 N.E.2d 209; *Bland*, 116 Ill. 2d 217, 506 N.E.2d 1291.) The public interest factors include the administrative difficulties flowing from court congestion, the local interest in having localized controversies decided at home which requires a consideration of the situs of the injury, the protection of finite judicial resources, and the unfairness of burdening citizens in an unrelated forum with jury duty. *Boner*, 142 Ill. 2d 523, 568 N.E.2d 883; *Griffith*, 136 Ill. 2d 101, 554 N.E.2d 209; *Bland*, 116 Ill. 2d 217, 506 N.E.2d 1291.

■ After balancing the private and public interests at issue, a court must take into consideration the substantial right of a plaintiff to select the forum in which she brings her action. That choice must

be given deference. The degree of deference to be given is determined by whether the plaintiff is a resident of the selected forum. When a plaintiff chooses her home forum, that choice is to be accorded substantial deference. (*McClain*, 121 Ill. 2d 278, 520 N.E.2d 368.) If the plaintiff is foreign to the selected forum, her choice is given less deference. (*Griffith*, 136 Ill. 2d 101, 554 N.E.2d 209.) In a wrongful death action, it is the decedent's residence at the time of death that is of significance. *Moore*, 99 Ill. 2d 73, 457 N.E.2d 417.

■ The record in this case is quite remarkable, not for what it contains, but rather, for what it does not contain. The defendants' *forum non conveniens* motion was not verified and it was not supported by any affidavits. In their motion, the defendants asserted that: (1) Kankakee County is the situs of all of the negligent acts alleged to have been committed by them, a fact which is not contested by the plaintiff; (2) Kankakee County is the residence of all of the individual and corporate defendants, another fact which the plaintiff does not contest; (3) the records of treatment of the plaintiff's decedent relevant to the defendants' alleged acts of negligence are located in Kankakee County; (4) certain unnamed nurses employed by St. Mary's Hospital mentioned in the plaintiff's complaint are located in Kankakee County; (5) witnesses likely to be called at trial include unidentified medical personnel who treated the plaintiff's decedent in Kankakee County and these witnesses will find it easier to travel to court in Kankakee County; and (6) the court docket in Cook County is crowded. The defendants conceded in their motion that the plaintiff's decedent was transferred to a hospital in Chicago, that he died there, and that there may be medical witnesses from that hospital who reside in Cook County, but conclude that these "speculative factors should not be given undue weight."

For her part, the plaintiff filed an unverified response supported by a single affidavit. In her response, the plaintiff stated that after the decedent was transferred to the University of Chicago Hospital he received three days of intensive care and treatment before his death. The affidavit attached to the response is from a registered nurse employed by the law firm representing the plaintiff. The affiant stated that she reviewed the decedent's medical records from the University of Chicago Hospital and concluded that 13 named doctors and nurses played significant roles in the decedent's care and should be considered likely trial witnesses.

The transcript of the hearing on February 15, 1994, reveals that the entire argument before the trial court was devoted to the defendants' section 2—104 motions. As to the *forum non conveniens* motion, the trial judge merely stated that he found the factors for

consideration to be relatively equal between the plaintiff's chosen venue in Cook County and the defendants' suggested venue in Kankakee County, and denied the defendants' motion in deference to the plaintiff's choice of forum. Other than a concession by one of the defendants' attorneys that his clients made arrangements for the decedent to be transferred from St. Mary's Hospital to the University of Chicago Hospital, there is nothing further in this record either in support of or in opposition to the *forum non conveniens* motion.

As the scant facts in this record relate to the relevant private interest factors for consideration, we can say only that it appears medical records relative to the decedent are located in both Cook and Kankakee Counties and that process would be available in either county to compel the attendance of any unwilling Illinois resident witnesses pursuant to Supreme Court Rule 237 (134 Ill. 2d R. 237). Other than the obvious convenience to the defendants if they were to defend this action in their home forum, they have failed to identify any nonparty witnesses from Kankakee County. Neither this court nor the trial court should be forced to reach a decision by speculating as to the identity, number, and location of witnesses that a party might call to testify. See *Boner*, 142 Ill. 2d at 533.

The defendants argue that little weight should be accorded to the plaintiff's identification of 13 health care professionals from the University of Chicago Hospital as potential trial witnesses. They support this argument by citing to *Bland* (116 Ill. 2d at 227), which held that plaintiffs should not be allowed to frustrate the *forum non conveniens* principal by selecting a treating physician in an inconvenient forum. We, however, fail to see how the holding in *Bland* is applicable to the facts of this case because it was the defendants that arranged for the plaintiff's decedent to be transferred from St. Mary's Hospital in Kankakee to the University of Chicago Hospital in Cook County. Nothing in this record suggests that the decedent's treating physicians in Cook County were chosen to establish a nexus to venue.

Aside from the facts already noted, the parties have not identified any other practical problems that would make the trial of this case any easier, more expeditious, or inexpensive in one venue over the other. Further, the parties have not identified any advantages or obstacles to a fair trial in either location.

Turning to the public interest factors for consideration, it appears that both Cook and Kankakee Counties have an interest in this litigation. Kankakee County has an interest because the action involves alleged acts of medical negligence occurring within its borders, and Cook County has an interest because the decedent died here. Because neither county can be said to be totally unrelated to

this action, we are unprepared to say that it would be unfair to burden the citizens of either county with the obligation of jury service in this matter. Also, while the defendants are correct that judicial notice may be taken of the statistics issued by the Director of the Administrative Office of the Illinois Courts in assessing court congestion (*Washington*, 144 Ill. 2d 395, 581 N.E.2d 644), we note that the defendants never requested that the trial court take notice of those statistics and never quoted any such statistics to either the trial court or to this court. (See *Golden Rule Insurance Co. v. Manasherov* (1990), 200 Ill. App. 3d 961, 558 N.E.2d 543.) Absent the parties' reliance upon the statistics issued by the Administrative Office, the trial court is in a much better position than we are to assess the burden on its own docket that the trial of this case might pose. *Hoffmeister v. K mart Corp.* (1989), 181 Ill. App. 3d 739, 537 N.E.2d 460.

Lastly, and most importantly, we do not know the residence of the decedent at the time of his death to determine the level of deference that should be accorded to the plaintiff's choice of forum. The defendants stated in their motion before the trial court that the plaintiff elected to commence this action outside her county of residence, and in their brief before this court, that the plaintiff is a resident of Kankakee County; but we find no evidentiary support for either statement in the record before us. The plaintiff's complaint is silent as to her county of residence or that of the decedent and, other than the unsupported and unverified assertions of the defendants, there is nothing in this record that speaks to the issue.

While the trial court could arguably have reached a different result based upon the limited evidentiary material before it, the question presented to this court is not whether we might have weighed that evidence differently or reached the same result as the trial court. Our only issue on review is whether the decision of the trial court constituted a clear abuse of discretion. We find no such abuse because the defendants failed to provide sufficient evidentiary material to meet their burden of establishing that the relevant factors for consideration strongly favor the transfer of this action to Kankakee County.

Accordingly, we affirm the order of the circuit court denying the defendants' motion to transfer this action under the doctrine of *forum non conveniens* and remand the matter to the circuit court of Cook County for further proceedings.

Affirmed and remanded.

THEIS and S. O'BRIEN, JJ., concur.