DEANNE SMITH, Indiv. and as Adm'x of the Estate of Thomas Harry Smith, Decedent, *et al.*, Plaintiffs-Appellees, v. SILVER CROSS HOSPITAL, Defendant-Appellant (Habib Abbasi *et al.*, Defendants).

First District (5th Division)   No. 1—98—3968

Opinion filed March 10, 2000.—Rehearing denied March 30, 2000.

McKeown, Fitzgerald, Zollner, Buck, Hutchison & Ruttle, of Joliet (Theodore J. Jarz, of counsel), for appellant.

Smith, Hurd & Associates, Ltd., of Chicago (Zane D. Smith, of counsel), for appellees.

JUSTICE HARTMAN delivered the opinion of the court:

Defendant Silver Cross Hospital (SCH) appeals from the order of the circuit court of Cook County denying its motions for change of venue and *forum non conveniens* in a medical malpractice suit filed by plaintiffs Deanne Smith, Thomas Harry Smith III, and Lindsey Josephine Smith, individually, and Deanne Smith, as administratrix of the estate of Thomas Harry Smith, decedent, against SCH and defendants Habib Abbasi, M.D., and Fischer Mangold Group. Plaintiffs invoke provisions of the Wrongful Death Act (740 ILCS 180/0.01 *et seq.* (West 1998)), the Survival Act (755 ILCS 5/27—6 (West 1998)), and the Rights of Married Persons Act (Family Expense Act) (750 ILCS 65/15 (West 1998)). After having been treated at SCH by defendants, decedent was discharged; however, a second hospitalization was required and decedent was admitted to Palos Community Hospital the next day. Decedent died that day.

The complaint is articulated in five counts: counts I, II and III are medical malpractice actions brought against SCH, the Fischer Mangold Group and Dr. Abbasi, respectively, on behalf of the estate; count IV (misnumbered in the complaint as count III), involves a loss of consortium and support, sounding in negligence, brought on behalf of the individual plaintiffs against Dr. Abbasi; and count V seeks reimbursement for family expenses against Dr. Abbasi by all individual plaintiffs. No action is taken against Palos Community Hospital.

SCH presents as issues on appeal whether the circuit court abused its discretion in denying its motions where defendant alleged (a) the Wrongful Death Act and the Probate Act of 1975 (755 ILCS 5/1—1 *et seq.* (West 1998)) should be interpreted *in pari materia* to establish uniform provisions with respect to venue; and (b) the policy considerations inherent in the doctrine of *forum non conveniens* should be considered in wrongful death actions. The relevant facts follow.

As earlier noted, decedent had been treated at SCH, located in

Will County. At all relevant times, Deanne Smith, decedent's widow and administratrix of his estate, and her decedent were residents of Will County; Dr. Abbasi resided in Du Page County; and Palos Community Hospital was and is located in Cook County.

On April 1, 1998, plaintiffs filed their complaint against defendants in Cook County, where decedent died. The complaint alleges negligence in decedent's treatment when he was under SCH's and Dr. Abbasi's care, namely, failure to diagnose and treat decedent's condition, meningitis, which allegedly worsened, causing him pain and mental anguish, eventuating in his death, and resulting in economic and pecuniary damages.

SCH timely moved for change of venue from Cook County to Will County, citing provisions of the Code of Civil Procedure (Code) (735 ILCS 5/2—101 (West 1998)). That statute provides that venue is appropriate in the county in which the transaction or some part thereof occurred or in the county of residence of any defendant joined in good faith. The motion, supported by affidavits, stated that SCH is located in Will County, where all the alleged acts of negligence in decedent's treatment occurred. As part of its motion, SCH argued that the Wrongful Death Act makes no specific provisions for venue of wrongful death actions and must be construed *in pari materia* with the provisions of the Probate Act, which does. The circuit court expressed no opinion on this issue. SCH filed an additional motion to transfer venue of the cause from Cook County to Will County, based upon the doctrine of *forum non conveniens*.

On September 23, 1998, after a hearing, the circuit court denied both SCH motions, without explanation. This appeal follows. No questions are raised on the pleadings.

SCH first contends that the circuit court abused its discretion in denying the change of venue motion by failing to construe the Wrongful Death Act (740 ILCS 180/0.01 *et seq.* (West 1998)) and the Probate Act *in pari materia*, because sections 2 and 2.1 of the Wrongful Death Act (740 ILCS 180/2, 2.1 (West 1998)) expressly provide for the distribution of the proceeds of a claim as an asset of an estate; and the Probate Act (755 ILCS 5/5—1 (West 1998)) provides, where circumstances require, for appointment of an executor or administratrix as the personal representative who will prosecute any wrongful death claim, where the decedent had a known place of residence or owned real estate or located the greater part of his or her personal estate.

SCH asserts that the holding in *Bradbury v. St. Mary's Hospital*, 273 Ill. App. 3d 555, 652 N.E.2d 1228 (1995) (*Bradbury*), the case upon which the circuit court based its decision in this case, should have been limited to its particular set of facts based on the record in

that case, where the *Bradbury* court was never asked to address the issue presented by the venue provisions of the Probate Act. SCH claims that because the place where a decedent finally encounters death may have no relationship to the other issues in the case, the venue provisions of the Probate Act dictate that proceedings such as those involved here take place in the county of the decedent's last residence.

Plaintiffs maintain that *Bradbury* controls, since this court found there that venue is in the county in which the decedent died. Plaintiffs claim the application of the venue provisions of the Wrongful Death Act is not inconsistent with the Probate Act, because they are not diametrically opposed and a workable test for determining venue in a wrongful death lawsuit has been established in *Bradbury*. In addition, they argue, the Wrongful Death Act requires reference to the Probate Act for determination as to who may bring the action and who will benefit therefrom. Plaintiffs suggest that SCH's argument, although novel, does not present this court with "a dichotomy in need of a solution," particularly where opening an estate in Will County would have no effect on prosecuting a wrongful death act in Cook County or vice versa. Plaintiffs also observe that the *Bradbury* court did not give consideration to the issue created by the presence of the Probate Act because it was of no relevance for purposes of determining which venue was proper under the Wrongful Death Act.

■ The doctrine of construction *in pari materia* requires that where two statutory provisions address the same subject matter, an interpretation which gives effect to both provisions must be adopted. *Johnson v. St. Therese Medical Center*, 296 Ill. App. 3d 341, 348, 694 N.E.2d 1088 (1998). If both specific and general statutory provisions may be applied to a given set of circumstances, the specific statute controls. *Johnson v. Washington*, 294 Ill. App. 3d 472, 474-75, 690 N.E.2d 660 (1998).

In *Bradbury*, plaintiff filed a wrongful death action in the circuit court of Cook County against defendants for alleged medical negligence resulting in her son Joseph's death. Defendant St. Mary's Hospital of Kankakee moved to transfer venue to the circuit court of Kankakee County, alleging venue was improperly fixed in Cook County. *Bradbury*, 273 Ill. App. 3d at 556-57. The other defendants filed a similar venue motion and, alternatively, a motion to transfer the action to Kankakee County pursuant to the doctrine of *forum non conveniens*. Defendants' motions were denied. *Bradbury*, 273 Ill. App. 3d at 557.

Plaintiff in *Bradbury* had been admitted to St. Mary's Hospital where she was treated by defendants, among others. After being diagnosed as presenting a condition of abruptio placenta, she gave birth to her son, Joseph, by caesarean delivery. Upon his birth, Joseph

was in respiratory distress, suffering from intraventricular hemorrhaging. He was transferred to the University of Chicago Hospital in Cook County, where he died three days later. *Bradbury*, 273 Ill. App. 3d at 557.

■ The *Bradbury* court applied section 2—101 of the Code in denying the motion. The Wrongful Death Act provides a remedy to the surviving spouse and next of kin for their pecuniary injuries suffered as a consequence of a decedent's death and governs the right of the persons designated by the statute to recover for their own pecuniary injuries suffered as a consequence of decedent's death. 740 ILCS 180/0.01 *et seq.* (West 1992); *Bradbury*, 273 Ill. App. 3d at 558. Therefore, "the action accrues upon the decedent's death and provides a remedy for damages incurred as a result of the death itself"; "[n]ot only is death an element of such an action, it is the last element necessary to render an actor liable for the pecuniary injuries suffered by the surviving spouse and next of kin." *Bradbury*, 273 Ill. App. 3d at 558. In a wrongful death action, the place of the wrong is the place of the decedent's death. *Bradbury*, 273 Ill. App. 3d at 558.

Consequently, the *Bradbury* court concluded that since section 2—101 of the Code provides venue is proper in the county in which some part of the transaction occurred out of which a cause arises, venue properly could be fixed in Cook County, the county in which plaintiff's decedent died, and therefore affirmed the circuit court's denial of defendants' motions, which had alleged improper venue of the action in Cook County. *Bradbury*, 273 Ill. App. 3d at 558.

■ Nothing in the provisions of the Probate Act or Wrongful Death Act suggests any inherent or practical reasons why an estate cannot be opened and administered in one appropriate county, and a claim filed and pursued by the decedent's personal representative in a different county, or even a different state or country, and yet distribute the proceeds, if any, as an asset of the estate. There is no conflict between the provisions of the two acts, which, as written, provide the necessary flexibility of permitting a personal representative to pursue an asset of an estate wherever it may be found and distribute the proceeds in accordance with the statutory requirements. The circuit court properly ruled with respect to this issue.

SCH next contends that the circuit court abused its discretion in denying SCH's motion to transfer venue when it failed to consider the policy considerations inherent under the doctrine of *forum non conveniens* in wrongful death actions, where the location of the decedent at the time of death allegedly has little significance to other matters in the case. SCH argues the private and public interest factors weigh heavily in favor of transfer to Will County, where the decedent received

allegedly negligent treatment at SCH. Although SCH concedes that generally a plaintiff's chosen forum is entitled to deference, it argues, citing *Bland v. Norfolk & Western Ry. Co.*, 116 Ill. 2d 217, 506 N.E.2d 1291 (1987) (*Bland*), that such deference is lessened where, as here, plaintiff does not reside in the chosen forum and the subject occurrence did not occur in the chosen forum. It asserts that the only connection between this case and plaintiffs' chosen forum is that decedent received subsequent medical treatment in Cook County after being treated by defendant in Will County.

In their countervailing argument, plaintiffs submit SCH has not met its heavy burden of demonstrating that the private and public interest factors weigh strongly in favor of transferring the case from Cook County to Will County. Plaintiffs argue, as they did in the circuit court, that they will call Palos Community Hospital emergency room physicians, treaters, disease specialists, X-ray technicians, nurses, anesthesiologists, lab technicians and any other medical personnel who treated the decedent subsequent to his alleged medical treatment at SCH at trial. Palos Community Hospital is where the decedent received most, if not all, of the subsequent treatment and it is also the place of his death. Plaintiffs insist that all the parties, including, but not limited to, the personnel of Palos Community Hospital, reside in or have a connection with Cook County. The totality of the action and the balancing test, they argue, indicate that Cook County is the proper forum.

■ The circuit court is vested with broad discretion to determine whether dismissal on the grounds of *forum non conveniens* is warranted; its decision will be reversed on appeal only when discretion has been abused. *Meyers v. Bridgeport Machines Division of Textron, Inc.*, 113 Ill. 2d 112, 117-18, 497 N.E.2d 745 (1986); *Schoon v. Hill*, 207 Ill. App. 3d 601, 605, 566 N.E.2d 718 (1990). The proper inquiry involves analysis of the relative convenience of the forum; in this regard, certain factors, regarding the private interests of the litigants and the public interests, must be balanced by the circuit court in ruling on such a motion. *Schoon*, 207 Ill. App. 3d at 605.

In *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09, 91 L. Ed. 1055, 1062-63, 67 S. Ct. 839, 843 (1947) (*Gulf Oil*), a landmark *forum non conveniens* case adopted and relied upon by Illinois courts, the United States Supreme Court set forth the factors to be weighed in determining whether a case should be dismissed under the doctrine. The private interest factors identified in *Gulf Oil* include the "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling witnesses, and the cost of obtaining attendance of willing witnesses; possibility of view of premises, if view would be ap-

propriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Gulf Oil*, 330 U.S. at 508, 91 L. Ed. at 1062, 67 S. Ct. at 843; *Schoon*, 207 Ill. App. 3d at 605.

The public interest factors that affect the administration of the courts include difficulties flowing from court congestion; local interest in having localized controversies decided at home; and unfairness of burdening citizens in an unrelated forum with jury duty. *Gulf Oil*, 330 U.S. at 508-09, 91 L. Ed. at 1062-63, 67 S. Ct. at 843; *Schoon*, 207 Ill. App. 3d at 605.

■ Deference to plaintiff's choice of forum is a further consideration under the doctrine; "[a]lthough a plaintiff's choice of forum is generally accorded great weight and will not be disturbed unless the balance of factors strongly favors defendant, a plaintiff's choice is entitled to less deference when plaintiff chooses a foreign forum." *Schoon*, 207 Ill. App. 3d at 605. Application of the doctrine presupposes the existence of more than one proper venue within the state and focuses the inquiry upon the relative convenience of plaintiff's chosen forum. *Bradbury*, 273 Ill. App. 3d at 559. The granting of a *forum non conveniens* motion requires defendant to meet its burden of establishing that the relevant factors, to which the court applies the balancing test, viewed in their totality, strongly favor the alternative forum. *Bradbury*, 273 Ill. App. 3d at 559.

■ Relying on *Evans v. MD Con, Inc.*, 275 Ill. App. 3d 292, 655 N.E.2d 1016 (1995), SCH argues "it would certainly be more convenient for all concerned if any individuals who participated in the treatment or care of [the decedent], all potential witnesses, have only to travel three miles from [SCH] to the Will County [c]ourthouse." SCH asserts this convenience to the witnesses will also serve as a convenience to the parties and court, as in *Evans*. SCH states also that another factor to be considered is whether all medical records regarding treatment are located in the county to which transfer is sought.

In support of its assertion that the public interest factors also require that this cause be transferred to Will County, SCH states the docket backlog in Will County is significantly shorter than that of Cook County; that two additional public interest factors, the imposition of jury duty and having a localized controversy decided at home, also weigh heavily in favor of transfer to Will County, arguing that there is no reason to impose the trial of this case upon the courts and people of Cook County, which, it claims, virtually have no connection to this case.

The record reveals that medical records relating to the decedent are located in both Cook and Will Counties. Process would be available

in either county to compel the attendance of an unwilling Illinois resident witness, if any, pursuant to Supreme Court Rule 237 (134 Ill. 2d R. 237). Aside from the facts noted and obvious fact that it may be more convenient to SCH to defend this action in its home forum, it has not set forth any other problems that would make trial of this case any easier, more expeditious or significantly less expensive in one venue, as compared to the other. Nor have any advantages or obstacles to a fair trial in either location been asserted by the parties.

Considering the public interest factors, both Cook and Will Counties have an interest in this lawsuit, Will County because the action involves alleged acts of medical negligence occurring within its borders, and Cook County because it was in this county where decedent's disease was diagnosed and treatment rendered to him, and decedent died here. Accordingly, it would not be unfair to the citizens of either county to have jury service imposed upon them. Although the decedent's place of residence at the time of his death was Will County, consideration of this fact only matters with respect to any deference to be accorded plaintiff's choice of forum. *Bradbury*, 273 Ill. App. 3d at 562. There is no claim, nor is there any evidence, that Palos Community Hospital, its physicians and staff, were selected for the purpose of establishing venue, as in *Bland*, 116 Ill. 2d at 227. With respect to the forum docket backlog issue, courts are extremely reluctant to remove cases because of crowded dockets. *Brummett v. Wepfer Marine, Inc.*, 111 Ill. 2d 495, 503, 490 N.E.2d 694 (1986).

A reviewing court cannot reweigh the foregoing factors, but must determine whether the lower court's decision constituted an abuse of discretion. Here the criteria relevant to this determination do not weigh more heavily in favor of Will County than Cook County. Accordingly, the circuit court did not abuse its discretion when it denied SCH's motion to transfer venue on *forum non conveniens* grounds.

For the foregoing reasons, the decision of the circuit court must be affirmed.

Affirmed.

THEIS, P.J., and QUINN, J., concur.