**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (3d) 190214-U

Order filed February 5, 2020

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2020

| | | |
|---|---|---|
| ELIZABETH SIPULA, as Executor of the Estate of Margaret A. Stockley, Deceased, | ) ) ) | Appeal from the Circuit Court of the 13th Judicial Circuit, La Salle County, Illinois. |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | Appeal No. 3-19-0214 Circuit No. 18-L-140 |
| DALE L. STOCKLEY, | ) ) ) | The Honorable Troy D. Holland |
| Defendant-Appellee. | ) | Judge, Presiding. |

_____

PRESIDING JUSTICE LYTTON delivered the judgment of the court.
Justices O'Brien and Wright concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*:  Trial court did not abuse its discretion in granting defendant's motion to transfer venue based on *forum non conveniens* in wrongful death case where motor vehicle accident resulting in decedent's death occurred in New Mexico.

¶ 2     While driving in Albuquerque, New Mexico, defendant Dale Stockley was involved in a collision that resulted in the death of his wife, Margaret A. Stockley. Plaintiff Elizabeth Sipula, Margaret's daughter and executor of Margaret's estate, filed a complaint alleging wrongful death against defendant in La Salle County. Defendant filed a motion to transfer venue based on the

doctrine of *forum non conveniens*, seeking to have the case transferred to New Mexico. The trial court granted the motion. Plaintiff appeals that decision. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4        Margaret Stockley and Dale Stockley, husband and wife, were lifelong residents of La Salle County. In late December 2017, they left their home in La Salle County to travel in their Chevrolet automobile to Scottsdale, Arizona. On December 27, 2017, while driving in Albuquerque, New Mexico, where they planned to spend the night, Dale attempted to make a left turn, and his vehicle was struck by a Ford automobile driven by Cierra Marquez, an Albuquerque resident.

¶ 5        Dale, Margaret and Marquez were taken to University of New Mexico Hospital in Albuquerque. According to a report provided by Officer Hill of the Albuquerque Police Department, Marquez suffered a broken leg. Dale and Margaret's injuries were more serious, and they remained hospitalized.  Officer Timothy Rosario of the Albuquerque Police Department took photographs of the two vehicles, as well as Dale, Margaret and Marquez at the hospital.

¶ 6        Officer Carlos Casados of the Albuquerque Police Department reported to the accident scene and prepared a uniform crash report. He determined that Marquez was traveling at an "excessive speed" and that Dale "failed to yield right of way" while making his left turn. Casados spoke to three witnesses at the scene: Rodrigo Perez-Aguilar, Manuel Aragon, and Justin Sena, who all lived in Albuquerque. On January 4, 2018, Margaret died at University of New Mexico Hospital as a result of injuries from the car accident.

¶ 7        Chris Compton of the Albuquerque Police Department prepared a supplementary offense report on January 4, 2018. Compton concluded:

> "The driver of the Ford was found to be traveling in excess of the posted speed limit
> of 45 MPH. However, the speed was not so excessive that the driver of the Ford

2

gave up her 'right of way.' The driver of the Chevy did not properly clear the intersection and failed to yield to oncoming traffic at the time of the collision."

Dale hired an accident reconstructionist who lives in New Mexico.

¶ 8        In September 2018, plaintiff, as executor of Margaret's estate, filed a complaint alleging wrongful death against defendant in La Salle County. Plaintiff lives in Arizona. Margaret also has two sons: Michael, who lives in La Salle County, and Thomas, who lives elsewhere in Illinois. The complaint alleged that Margaret's children, as well as Dale, suffered injuries and damages, including loss of society, love and companionship, and grief, sorrow and mental suffering as a result of Margaret's injuries and death.

¶ 9        One month later, defendant filed a "Motion to Transfer Venue Based on the Doctrine of *Forum Non Conveniens* and Supreme Court Rule 187." The motion requested that the case be transferred to Bernalillo County, New Mexico, where the car accident occurred. Plaintiff filed a response, requesting that the motion be denied.

¶ 10        On March 25, 2019, the trial court issued a memorandum opinion and order granting defendant's motion. In analyzing the private interest *forum non conveniens* factors, the trial court found: (1) the convenience of the parties favors plaintiff; (2) the relative ease of access to sources of evidence weighs in favor of defendant because the vast majority of potential witnesses are in New Mexico; (3) the availability of compulsory process to secure attendance of witnesses and the cost to obtain attendance of witnesses favor defendant because of the "numerous New Mexico witnesses"; (4) the possibility of viewing the accident scene favors defendant; and (5) "other practical considerations" weigh in favor of defendant, such as the potential for additional litigation in New Mexico by Marquez. The trial court stated: "Overall, the Court finds the private interest factors strongly weigh in favor of granting Defendant's motion."

3

¶ 11     With respect to the public interest factors, the court found: (1) "the interest in deciding localized controversies locally favors Defendant" because the accident occurred in New Mexico; (2) the unfairness of imposing the expense of trial on the citizens and jurors of La Salle county favors defendant because the "litigation has no practical connection to La Salle County"; (3) the relative congestion of court dockets favors neither party because no information was provided about that; and (4) the need to apply the law of a foreign jurisdiction weighs in favor of defendant because "New Mexico law is likely to apply." The court concluded: "Even in giving Plaintiff's choice of forum substantial deference, the Court finds that, based on the totality of the circumstances, the balance of the relevant private and public interest factors weigh strongly in favor of dismissal and refiling in Bernalillo County, New Mexico pursuant to Illinois Supreme Court Rule 187." Defendant filed a petition for interlocutory appeal, which we granted.

¶ 12                                   II. ANALYSIS

¶ 13     "The doctrine of *forum non conveniens* presupposes the existence of more than one forum having jurisdiction and venue." *Peile v. Skelgas, Inc.*, 163 Ill. 2d 323, 336 (1994). A trial court has considerable discretion in ruling on a *forum non conveniens* motion, and the court's decision to grant or deny that motion will not be reversed absent an abuse of discretion. *Id*. According to the doctrine, a court that has jurisdiction may nevertheless decline to exercise it when trial in another forum with jurisdiction would be more convenient and would better serve the ends of justice. *Vinson v. Allstate*, 144 Ill. 2d 306, 310 (1991).

¶ 14     To determine whether the doctrine applies, the trial court must balance the private interest factors affecting the convenience of the parties and the public interest factors impacting the court's administration of its docket. *Chung ex rel. Chung v. Advocate Health Care*, 336 Ill. App. 3d 789,

4

792 (2002). The doctrine of *forum non conveniens* is a flexible one that requires evaluation of the total circumstances rather than concentration on any single factor. *Peile,* 163 Ill.2d at 336–37.

¶ 15 "In Illinois, the private interest factors include (1) the convenience of the parties; (2) the relative ease of access to sources of testimonial, documentary, and real evidence; and (3) all other practical problems that make trial of a case easy, expeditious, and inexpensive—for example, the availability of compulsory process to secure attendance of unwilling witnesses, the cost to obtain attendance of willing witnesses, and the ability to view the premises (if appropriate)." *First American Bank v. Guerine,* 198 Ill.2d 511, 516 (2002). The possibility of the jury viewing the scene of the accident is an important consideration in ruling on a *forum non conveniens* motion. *Moore v. Chicago and North Western Transportation Co.*, 99 Ill. 2d 73, 80 (1983). "The public interest factors include (1) the interest in deciding localized controversies locally; (2) the unfairness of imposing the expense of a trial and the burden of jury duty on residents of a county with little connection to the litigation; and (3) the administrative difficulties presented by adding further litigation to court dockets in already congested fora." *Guerine,* 198 Ill. 2d at 516–17.

¶ 16 "The need to apply the law of a foreign jurisdiction has been considered a significant factor favoring dismissal of a suit on grounds of *forum non conveniens*." *Moore*, 99 Ill. 2d at 80. Illinois has an interest in not being burdened with applying the law of another jurisdiction. *Eads v. Consolidated Rail Corp.*, 365 Ill. App. 3d 19, 31 (2006). However, this factor is not dispositive. *Woodward v. Bridgestone/Firestone, Inc.*, 368 Ill. App. 3d 827, 837 (2006). An Illinois court is competent to determine which law applies to the controversy and apply the law of another jurisdiction, if necessary. *Id.*

¶ 17 Another consideration under the *forum non conveniens* doctrine is deference to the plaintiff's choice of forum. *Griffith v. Mitsubishi Aircraft International, Inc.,* 136 Ill.2d 101, 106

5

(1990) "A plaintiff's right to select the forum is a substantial one, and unless the factors weigh strongly in favor of transfer, 'the plaintiff's choice of forum should rarely be disturbed.' " *Id.* (quoting *Jones v. Searle Laboratories,* 93 Ill.2d 366, 372–73 (1982) (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09 (1947))). "In most instances, the plaintiff's initial choice of forum will prevail, provided venue is proper and the inconvenience factors attached to such forum do not greatly outweigh the plaintiff's substantial right to try the case in the chosen forum." *Peile,* 163 Ill.2d at 335–36. "Though the *forum non conveniens* standard is difficult for defendants to meet, it does not foreclose legitimate transfers when the balance of factors strongly favors litigation in another forum." *Guerine,* 198 Ill.2d at 521.

¶ 18     When the plaintiff does not reside in the forum where he or she filed suit or the injury did not occur in the forum where he or she filed suit, the plaintiff's choice is given less deference. *Dykstra v. A.P. Green Industries, Inc.,* 326 Ill.App.3d 489, 493 (2001). In a wrongful death action, the decedent's residence at the time of death is entitled to substantial deference. *Bradbury v. St. Mary's Hospital of Kankakee*, 273 Ill. App. 3d 555, 560 (1995). When the plaintiff's choice of forum in a wrongful death action is the decedent's county of residence, transfer is not warranted unless the defendant can show that other factors greatly outweigh the plantiff's interest in choosing a forum. See *Schwalbach v. Millikin Kappa Sigma Corp*., 363 Ill. App. 3d 926, 933 (2005).

¶ 19     Here, the trial court properly gave deference to plaintiff's chosen forum of La Salle County because it was the home of the decedent. See *id.*; *Bradbury*, 273 Ill. App. 3d at 560. The trial court also properly weighed the private interest factors and found that the majority of them weighed in favor of defendant because (1) all of the occurrence witnesses, medical personnel and police officers are located in New Mexico, while only two potential witnesses (Thomas and Michael) live in Illinois; (2) the New Mexico witnesses would not be amenable to service in Illinois, and the cost

to have them travel to Illinois would be great; (3) the possibility of viewing the scene of the accident is only available in New Mexico; and (4) additional claims may be brought against defendant in New Mexico. We agree that the private interest factors strongly favor granting defendant's motion.

¶ 20        With respect to the public interest factors, we disagree with the trial court's conclusion that they significantly favor defendant. First, the interest in deciding localized controversies locally does not favor either party because both states have an interest in the controversy – New Mexico as the location of the accident, and Illinois as the home of the parties. See *Simantz v. Prime Motor Inns, Inc.* 213 Ill. App. 3d 813, 816 (1991). However, Illinois, as decedent's residence, has a slightly stronger interest. See *Schwalbach*, 363 Ill. App. 3d at 934-35 (in wrongful death and product liability action, county of decedent's residence had stronger interest in providing forum to resolve decedent's claim than county where decedent's death occurred). Similarly, we disagree with the trial court's conclusion that it would be unfair to impose a trial on the citizens and courts of La Salle County. Because both counties have a connection to the litigation, no unfairness would result from having the trial in either forum. See *id*. at 935; *Simantz*, 213 Ill. App. 3d at 816. We agree with the trial court's conclusion that the congestion of dockets in each forum is not a factor because neither party provided evidence on this issue. See *In re Marriage of Mather*, 408 Ill. App. 3d 853, 861 (2011).  We also agree that the potential applicability of New Mexico law in this case is an important, though not dispositive, factor favoring defendant. See *Woodward*, 368 Ill. App. 3d at 837. Thus, the public interest factors do not strongly favor either party.

¶ 21        In this case, the public interest factors do not strongly weigh in favor of granting defendant's motion; however, the private interest factors strongly favor transfer. Under these

7

circumstances, the trial court's decision to grant defendant's motion to transfer venue based on *forum non conveniens* was not an abuse of discretion.

¶ 22                                    III. CONCLUSION

¶ 23        The judgment of the circuit court of La Salle County is affirmed.

¶ 24        Affirmed.