2020 IL App (1st) 191470-U

FIFTH DIVISION
Order filed: March 20, 2020

Nos. 1-19-1470, 1-19-1472, 1-19-1473 & 1-19-1474 (Consolidated)

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| JAMES KEARNS, Independent Administrator of the Estate of MARGARET KEARNS, Deceased, | ) ) ) | Appeal from the Circuit Court of Cook County |
| Plaintiff-Appellee, | ) ) ) | |
| v. | ) ) ) | No.   2018 L 004633 |
| PRESENCE CENTRAL AND SUBURBAN HOSPITALS NETWORK, d/b/a PRESENCE COVENANT MEDICAL CENTER, a corporation, EMCARE OF ILLINOIS, S.C., a corporation, EMERGENCY CONSULTANTS, INC., a corporation, ANDREW ZASADA, M.D., CHRISTIE CLINIC, LLC, a corporation, CLAUDIA NUGENT, M.D., CHARLES RAGONA, P.A., GREGORY COWELL, M.D., ONRAD, INC., a corporation, HUMA QURESHI, M.D., EAST CENTRAL RADIOLOGY ASSOCIATES, LLC, a corporation, LAKELAND RADIOLOGISTS, LTD., a corporation, KAN Y. WU, M.D., DANVILLE POLYCLINIC, LTD., corporation, CHILAKAPTI RAMAPRASAD, M.D., MANOJKUMAR PILLAI, M.D., SACHIN PATIL, M.D., NALIN M. PATEL, M.D., CARLE FOUNDATION HOSPITAL, a corporation, FURQAN RAJPUT, M.D., DANISH M. THAMEEM, M.D., and ALEXANDRIA N. MILLER, R.N., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |

Nos. 1-19-1470, 1-19-1472, 1-19-1473 & 1-19-1474 (Consolidated)

|  |  |  |  |
|---|---|---|---|
| Defendants. | ) | | |
| | ) | | |
| (Presence Central & Suburban Hospitals Network, | ) | | |
| Christie Clinic, LLC, Claudia Nugent, M.D., East | ) | | |
| Central Radiology Associates, LLC, Kan Y. Wu, M.D., | ) | | |
| Chilakapti Ramaprasad, Manojkumar Pillai, M.D., | ) | | |
| Sachin Patil, M.D., Nalin M. Patel, M.D., Furquan | ) | Honorable | |
| Rajput, M.D., Danish M. Thameem, M.D., and | ) | Melissa A. Durkin, | |
| Alexandria Miller, R.N., Defendants-Appellants). | ) | Judge, Presiding. | |

PRESIDING JUSTICE HOFFMAN delivered the judgment of the court.
Justices Connors and Delort concurred in the judgment.

**ORDER**

¶ 1    *Held:*  We reverse the order of the circuit court denying the defendants' motions for transfer of venue based on intrastate *forum non conveniens* grounds as the private and public interest factors weigh in favor of transfer.

¶ 2    The defendants-appellants, Presence Central & Suburban Hospitals Network (Presence), Christie Clinic, LLC, Claudia Nugent, M.D., East Central Radiology Associates, LLC (East Central), Kan Y. Wu, M.D., Manojkumar Pillai[1], M.D., Sachin Patil, M.D., Nalin M. Patel, M.D., Furquan Rajput, M.D., Danish M. Thameem, M.D., and Alexandria Miller, R.N., bring this interlocutory appeal, pursuant to Illinois Supreme Court Rule 306(a)(2) (eff. Oct. 1, 2019), challenging the circuit court's order denying their motions to transfer venue, pursuant to section 2-104 of the Code of Civil Procedure (Code) (735 ILCS 5/2–104 (West 2018)), based on intrastate *forum non conveniens* grounds. For the reasons that follow, we reverse.

¶ 3    The following factual recitation necessary to the resolution of this appeal is adduced from the pleadings, orders, motions, affidavits, and other supporting documents of record. On May 10, 2016, the decedent arrived at the emergency room of Presence—located in Champaign County—

---

[1] The spelling of this defendant's last name is inconsistent throughout the record, appearing as "Pillai" in some instances and as "Pilla" in other instances. We will adopt the spelling as it appears in the plaintiff's complaint.

complaining of nausea, vomiting, and a headache. She was treated by numerous medical providers of Presence, including Dr. Andrew Zasada and Dr. Nugent. The decedent was discharged that same day after being diagnosed with an exacerbation of her Crohn's disease.

¶ 4    On May 12, 2016, the decedent again presented to the emergency room of Presence, complaining of a persistent headache, photophobia, and nausea. She was treated by various Presence medical providers, including Physician Assistant, Charles Ragona; Dr. Gregory Cowell; Dr. Huma Qureshi (via a radiology reading, in California, of a study completed in Champaign County); and Dr. Wu. The decedent was diagnosed with a headache and sinusitis and discharged that same day.

¶ 5    On May 14, 2016, the defendant returned to the emergency room of Presence, complaining of nausea, vomiting, and a severe headache. She received a head CT scan, was admitted to the hospital for observation, and was treated by numerous medical providers, including Dr. Cowell, Dr. Ramaprasad, Dr. Pillai, Dr. Patil, Dr. Patel, Dr. Rajput, Dr. Thameem, and Nurse Miller. The decedent was once again discharged from Presence.

¶ 6    Later that evening, the decedent presented to Centegra Hospital in McHenry County, still complaining of a headache. While there, she underwent a CT venogram which revealed a cerebral venous sinus thrombosis. The decedent was then transferred for treatment to Rush University Medical Center (Rush) in Cook County. On May 19, 2016, the decedent passed away at Rush.

¶ 7    On May 4, 2018, the plaintiff filed the instant wrongful death and survival action in the circuit court of Cook County, alleging medical malpractice against the defendants for their failure to properly diagnose and treat the decedent between May 10, 2016 and May 14, 2016.

¶ 8    On August 10, 2018, Dr. Wu filed a motion to transfer venue to Champaign County on intrastate *forum non conveniens* grounds. The other defendants either filed similar motions or

joined Dr. Wu's motion.

¶ 9     On June 20, 2019, the circuit court denied the defendants' motions to transfer venue, finding that they failed to meet their burden of establishing that trial in Champaign County would be substantially more convenient for all parties and witnesses involved in the litigation.

¶ 10     On July 19, 2019, Dr. Wu filed a petition for leave to appeal to this court, pursuant to Illinois Supreme Court Rule 306(a)(2) (eff. Oct. 1, 2019). In the days following, several other defendants also filed petitions for leave to appeal pursuant to the same rule. On July 30, 2019, those petitions were consolidated, and this court granted leave to appeal on September 5, 2019.

¶ 11     The sole question before us is whether the circuit court abused its discretion in denying the defendants' motions to transfer venue based on intrastate *forum non conveniens* grounds. The doctrine of *forum non conveniens* is an equitable remedy "founded in considerations of fundamental fairness and sensible and effective judicial administration," allowing a circuit court to decline jurisdiction "in the exceptional case where trial in another forum with proper jurisdiction and venue would better serve the ends of justice." (Internal quotation marks omitted.) *First American Bank v. Guerine*, 198 Ill. 2d 511, 515 (2002). This doctrine has two potential applications: (1) interstate *forum non conveniens* and (2) intrastate *forum non conveniens*. *Lambert v. Goodyear Tire and Rubber Co.*, 332 Ill. App. 3d 373, 377 (2002). "The intrastate application of the doctrine of *forum non conveniens* presupposes the existence of more than one proper venue within the State and focuses the inquiry upon the relative convenience of the plaintiff's chosen venue." *Bradbury v. St. Mary's Hospital of Kankakee*, 273 Ill. App. 3d 555, 559 (1995) (citing *Moore v. Chicago & North Western Transportation Co.*, 99 Ill. 2d 73 (1983)).

¶ 12     In determining whether to grant or deny a *forum non conveniens* motion, the circuit court must apply an uneven balancing test, weighing the various private interest factors affecting the

convenience of the litigants and the public interest factors affecting the administration of the courts. *Guerine*, 198 Ill. 2d at 516, 521; *Bird v. Luhr Brothers, Inc.*, 334 Ill. App. 3d 1088, 1093 (2002); *Bradbury*, 273 Ill. App. 3d at 559. The circuit court does not weigh the private interest factors against the public interest factors; instead, it must evaluate the totality of the circumstances in determining whether the defendant met its burden of establishing that the relevant factors for consideration strongly favor transfer. *Guerine*, 198 Ill. 2d at 518. The circuit court's ruling on such a motion is a matter committed to the sound discretion of the court and it will not be disturbed on appeal absent a clear abuse of that discretion. *Fennell v. Illinois Central R.R. Co.*, 2012 IL 113812, ¶ 21.

¶ 13    Our supreme court has identified the relevant private and public interest factors that must be considered in a *forum non conveniens* analysis. The private interest factors include: (1) the convenience of the parties; (2) the relative ease of access to sources of testimonial, documentary, and real evidence; (3) the availability of compulsory process to secure attendance of unwilling witnesses; (4) the cost to obtain attendance of willing witnesses; (5) the possibility of viewing the premises, if appropriate; and (6) all other practical considerations that make a trial easy, expeditious, and inexpensive. *Dawdy v. Union Pacific R.R. Co.*, 207 Ill. 2d 167, 172 (2003). The public interest factors include: (1) the administrative difficulties flowing from court congestion; (2) the unfairness of burdening citizens in an unrelated forum with jury duty; and (3) the interest in having local controversies decided locally. *Id.* at 173.

¶ 14    Additionally, the circuit court must consider the deference that should be afforded to the plaintiff's choice of forum. *Id.* A plaintiff's right to select a forum is substantial and "[u]nless the factors weigh strongly in favor of transfer, the plaintiff's choice of forum should rarely be disturbed." *Id.* When a plaintiff chooses his home forum, that choice will be given substantial

deference. *McClain v. Illinois Central Gulf R.R. Co*., 121 Ill. 2d 278, 289 (1988). However, if the plaintiff is foreign to the selected forum, his choice is given less deference. *Griffith v. Mitsubishi Aircraft International, Inc*., 136 Ill. 2d 101, 106 (1990). Moreover, if the plaintiff's chosen forum is not the site of the alleged negligence, his chosen forum is entitled to less deference*. Peile v. Skelgas, Inc.*, 163 Ill. 2d 323, 337-38 (1994).

¶ 15    Initially, we note that the plaintiff's choice of forum, Cook County, is owed little deference. The plaintiff is a resident of McHenry County, not Cook County, and none of the allegations of negligence occurred in Cook County. We also decline to address the defendants' argument that, because the plaintiff is foreign to his chosen forum and because the alleged negligence did not occur in his chosen forum, he likely engaged in forum shopping as our supreme court has made clear that "courts may not consider [forum shopping] in a *forum non conveniens* analysis." *Dawdy*, 207 Ill. 2d at 175. Therefore, we will focus our review on the relevant private and public interest factors.

¶ 16    As to the first private interest factor, the defendants must establish that the plaintiff's chosen forum is inconvenient and that another forum is more convenient for all parties. *Langenhorst v. Norfolk Southern Ry. Co.*, 219 Ill. 2d 430, 444 (2006).

¶ 17    The record reflects that six of the named defendants—Dr. Zasada, Dr. Nugent, Physician's Assistant Ragona, Dr. Wu, Dr. Patel, and Dr. Thameem—all reside and work in or near Champaign County and averred in their affidavits, or filed a motion to transfer asserting, that trial in Champaign County would be more convenient for them. Dr. Ramaprasad and Nurse Miller reside in nearby counties (Vermilion and McLean, respectively) and work in Champaign County. Nurse Miller averred in her affidavit that trial in Champaign County would be more convenient than Cook County as it would be less disruptive to her patients and logistically more convenient because

she would be closer to her home and work. Dr. Cowell averred in his affidavit that, although he resides in Cook County, trial in Champaign County would be more convenient for him because he works in Champaign County and is familiar with Champaign County. The four out-of-state defendants—Dr. Qureshi, Dr. Patil, Dr. Pillai, and Dr. Rajput—will be inconvenienced regardless of whether the trial occurs in Cook or Champaign County because, no matter the venue, they will have to travel from out of state. However, these defendants have joined Dr. Wu's motion to transfer, indicating their preference for trial in Champaign County. With respect to the plaintiff, we note that the defendants cannot assert that the plaintiff's chosen forum, Cook County, is inconvenient to him even though he does not reside in Cook County. *Langenhorst*, 219 Ill. 2d at 448. However, we reiterate that his chosen forum is accorded less deference because he neither resides in Cook County nor did the allegations of negligence occur in Cook County. *Griffith*, 136 Ill. 2d at 106; *Peile*, 163 Ill. 2d at 337-38. The record reflects that Champaign County is more convenient for the majority of the parties. Accordingly, we find that the first private interest factor weighs in favor of Champaign County.

¶ 18    We now address the second private interest factor—the relative ease of access to sources of testimonial and documentary evidence. The record reflects that the potential non-party witnesses that have been identified include: eight Cook County medical providers from Rush; two of the decedent's college friends who reside in Cook County; one out-of-state neurologist; two physicians from McHenry County; the decedent's mother and sister who reside in McHenry County; and three nurses—two who reside in Champaign County and one who resides in Ford County—who all averred in their affidavits that they work in or near Champaign County and that trial in Champaign County would be more convenient. The record also reflects that the plaintiff identified, as potential witnesses, any "healthcare providers identified in [the decedent's] medical

records from any of the defendants." By identifying *any* of the medical providers who treated the decedent as potential witnesses, the plaintiff has also, at minimum, identified all 19 defendants—12 of whom live in Champaign County, work in Champaign County or both—and has effectively named the three non-party nurses who live or work in Champaign County. In other words, the plaintiff has identified at least 15 witnesses who live and work in Champaign County—the county where the alleged negligence occurred—as opposed to the 10 Cook County witnesses. By identifying these providers, the plaintiff has highlighted the fact that this case has a stronger connection to Champaign County—where the alleged negligence occurred—as opposed to Cook County—where no alleged negligence occurred. While we note that the documentary evidence in this case is electronic and, therefore, portable to either county, we find compelling the fact that the majority of the defendants who treated the decedent live, work, or live and work in or near Champaign County and have averred in their affidavits that trial in Champaign County would be more convenient. Accordingly, we find that the second private interest factor favors transfer to Champaign County.

¶ 19     We next address the fourth private interest factor—the cost to obtain attendance of willing witnesses—as the parties agree that the third private interest factor—availability of compulsory process—is neutral. Again, the alleged negligence, with the exception of a radiology interpretation performed in California, occurred in Champaign County. Moreover, aside from the non-party Cook County witnesses, the plaintiff has identified, as potential witnesses, any medical personnel in the decedent's medical records who treated the decedent—implicating every medical provider in Champaign County— where the alleged negligent acts occurred. Because these individuals live and work in or near Champaign County, the cost of attending trial in Champaign County would be less than if these witnesses were to travel to Cook County.   Based on our review of the record, we

find that the fourth private interest factor favors transfer to Champaign County.

¶ 20     We next address the sixth private interest factor—other practical considerations, making trial easy, expeditious, and less expensive—as the defendants concede that the fifth factor—the possibility of viewing the premises—is neutral and does not favor transfer. As previously stated, the majority of the witnesses in this case are medical providers who work and/or reside in and around Champaign County. Participating in trial in Cook County would require these providers to travel into a county in which they have less familiarity and would require them to postpone or disrupt treatment of their patients, causing both logistical and increased work-related inconvenience. Accordingly, we find that the sixth private interest factor favors transfer to Champaign County.

¶ 21     We next address the relevant public interest factors, the first being the administrative difficulties flowing from court congestion. With their motions to transfer, the defendants attached the 2018 annual statistical report from the Administrative Office of the Illinois Courts, which documented the civil and domestic relations circuit court caseload. Our supreme court has found this annual statistical report to be a proper source of reference in assessing court congestion; therefore, we will rely on this data in our analysis. See *Washington v. Illinois Power Co.*, 144 Ill. 2d 395, 403 (1991). In the first quarter of 2018, of the civil jury cases with an amount in controversy over $50,000—as in this case—Champaign County had no new filed cases, 33 cases disposed of, and 591 cases pending. That same quarter, Cook County had 2346 new cases filed, 101 cases reinstated, 1111 cases disposed of, and 15,145 cases pending. In the third quarter of 2018, Champaign County had no new cases filed, 40 cases disposed of, and 525 cases pending. That same quarter, Cook County had 2450 new cases filed, 239 cases reinstated, 2368 cases disposed of, and 15,453 cases pending. This raw data establishes that Champaign County is less

congested than Cook County. Therefore, we find that the first public interest factor favors transfer to Champaign County.

¶ 22    Next, we address the second public interest factor, the unfairness of burdening citizens in an unrelated forum with jury duty. Again, all of the plaintiff's allegations of negligence occurred in Champaign County and its residents, therefore, have a strong interest in determining whether the defendant medical providers performed actions or inactions amounting to medical negligence. See *Bruce v. Atadero*, 405 Ill. App. 3d 318, 326-27 (2010).

¶ 23    We are unpersuaded by the plaintiff's argument that because Presence's headquarters are in Cook County that Cook County is interested in the litigation and that its citizens would not be burdened with jury duty. Our supreme court has held that "[m]erely conducting business" in the plaintiff's chosen forum does not affect the *forum non conveniens* analysis." *Dawdy*, 207 Ill. 2d at 182. Moreover, the plaintiff's argument, that jury duty would not be a burden to the citizens of Cook County because Dr. Cowell is a resident of Cook County and because the decedent passed away in Cook County while receiving treatment from Cook County doctors, is unavailing. First, although Dr. Cowell resides in Cook County, he works and provided treatment to the decedent in Champaign County—where the allegations of negligence occurred and where the majority of the other named defendants live and work. Further, while we recognize that Cook County has some connection to this litigation because the decedent passed away in Cook County, that connection is tenuous when it is clear from the record that the nexus of this litigation is in Champaign County. Here, the alleged actions of negligence occurred in Champaign County and the majority of the defendants live and work in Champaign County; therefore, it would be unfair to burden the citizens of Cook County with jury duty when there is so little connection to Cook County. Accordingly, we find that the second public interest factor favors transfer to Champaign County.

¶ 24    As to the third public interest factor—the interest in having local controversies decided locally—our supreme court has held that the location of the injury giving rise to the litigation is the most significant factor in giving any county a local interest. *Dawdy*, 207 Ill. 2d at 183; *Peile*, 163 Ill. 2d at 343. In this case, the plaintiff's allegations of negligence arise out of the care provided to the decedent in Champaign County. Accordingly, we find that the third public interest factor favors transfer to Champaign County.

¶ 25    Based on our review of the record, both the private and public interest factors weigh in favor of transfer to Champaign County. We find, therefore, that the defendants met their burden of establishing that Champaign County would be substantially more convenient, and that administrative fairness supports transfer. See *Guerine*, 198 Ill. 2d at 520-21. Accordingly, we find that the circuit court abused its discretion when it denied the defendants' motion to transfer based on intrastate *forum non conveniens* grounds. For the foregoing reasons, we reverse the judgment of the circuit court and remand the cause to the circuit court of Cook County with directions to transfer the cause to Champaign County.

¶ 26    Reversed and remanded with directions.